J-S61020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID LEONARD CROMWELL | |
| Appellant | No. 272 WDA 2014 |

Appeal from the Judgment of Sentence of January 14, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No.: CP-02-CR-0001256-2012

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED OCTOBER 17, 2014**

David Leonard Cromwell appeals from the judgment of sentence entered on January 14, 2014, which was imposed by the trial court following revocation of his probation for both technical and direct violations.  We affirm.

The trial court set forth the following summary of the case in its opinion of June 2, 2014:

> [Cromwell] was charged with Robbery—Serious Bodily Injury,[1] Terroristic Threats,[2] Simple Assault[3] and Public Drunkenness[4] in relation to a theft which occurred on December 30, 2011 outside the Comet News shop in Braddock.  On May 23, 2012, [Cromwell] appeared before [the c]ourt and, pursuant to a plea agreement, pled guilty to a reduced charge of Robbery—Threat of Bodily Injury[5] and the remaining charges were withdrawn.  On August 28, 2012, [Cromwell] was sentenced to a term of

---

[*]     Retired Senior Judge assigned to the Superior Court.

imprisonment of 11½ to 23 months plus an additional term of probation of three (3) years. No Post-Sentence Motions were filed and no direct appeal was taken.

> 1  18 Pa.C.S.A. § 3701(a)(1)(i)[.]
>
> 2  18 Pa.C.S.A. § 2706(a)(1)[.]
>
> 3  18 Pa.C.S.A. § 2701(a)(3)[.]
>
> 4  18 Pa.C.S.A. § 5505[.]
>
> 5  18 Pa.C.S.A. § 3701(a)(1)(iv)[.]

On January 14, 2014, [Cromwell] appeared before [the c]ourt for a probation violation hearing as the result of a new conviction of Theft of Services at CC 201312807 as well as technical violations including . . . failing to report to behavior classes and assessments, testing positive on three (3) occasions for cocaine and marijuana and being confrontational with his supervising officer. At that hearing, [the c]ourt revoked [Cromwell's] probation and imposed a term of imprisonment of two (2) to five (5) years. A timely Motion to Reconsider Sentence was filed and denied on January 31, 2014.

Trial Court Opinion ("T.C.O."), 6/2/2014, at 1-2.

Cromwell timely appealed on February 13, 2014. *See* Pa.R.Crim.P. 708(E). On April 14, 2014, the trial court ordered Cromwell to file a concise statement of errors complained of on appeal, and he complied the next day. *See* Pa.R.A.P. 1925(b). The court entered its opinion pursuant to Pa.R.A.P. 1925(a) on June 2, 2014.

Cromwell raises one question for our review: "Did the trial court abuse its discretion in sentencing Mr. Cromwell to two to five years' of [*sic*] incarceration without considering his rehabilitative needs, as required by 42 Pa.C.S.A. § 9721, and by imposing a sentence that is disproportionate to the nature of his violations?" Cromwell's Brief at 5.

- 2 -

Cromwell's challenge to the discretionary aspects of his revocation sentence is within this Court's scope of review. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013). "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Ahmad*, 961 A.2d 884, 888 (Pa. Super. 2008) (citation omitted). In addition, our standard of review is well-settled:

> [T]here is no absolute right to appeal when challenging the discretionary aspect of a sentence. 42 Pa.C.S. § 9781(b). Rather, an [a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code. In determining whether a substantial question exists, this Court does not examine the merits of the sentencing claim.
>
> In addition, issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived. Furthermore, a defendant is required to preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement.

*Id.* at 1042 (case citations and quotation marks omitted).

Cromwell has raised a challenge to the discretionary aspects of his sentence in his Rule 1925(b) statement, and his brief contains a statement of reasons for allowance of appeal from the discretionary aspects of his sentence pursuant to Rule 2119(f). *See* Cromwell's Brief at 13-17; *see also Cartrette*, 83 A.3d at 1042. The Commonwealth contends that

Cromwell has waived one of his challenges because he did not preserve the issue in his post-sentence motion; to wit, that the trial court failed to consider his rehabilitative needs.[1] *See* Commonwealth's Brief at 9-10. We disagree.

Upon review of Cromwell's sentencing hearing, we conclude that he raised the issue of the trial court's purported failure to consider his rehabilitative needs before the trial court. Counsel for Cromwell discussed his bipolar disorder and traumatic brain injury, which have been exacerbated by Cromwell's drug use. Notes of Testimony ("N.T.") Sentencing Hearing, 1/14/2014, at 5-6. Given the opportunity to speak, Cromwell himself stated, "I feel that I need more of rehabilitation than incarceration." *Id.* at 8. Therefore, he "present[ed] the claim to the trial court during the sentencing proceedings." *Ahmad*, 961 A.2d at 888.

Thus, we may proceed to determine whether Cromwell has raised a substantial question that the sentence was not appropriate under the sentencing code, which then would permit us to examine the merits of his sentencing claims. *See id.*

> From an appellant's Rule 2119(f) statement, the Superior Court decides whether to review the discretionary aspects of a sentence based upon a case-by-case determination as to

_____

[1] Cromwell's other claim, that his sentence was disproportionately harsh, was presented to the trial court in his post-sentence motion. *See* Petition to Reconsider Sentence, 1/14/2014, at 2 ¶ 6. The Commonwealth does not challenge the preservation of this issue.

whether a substantial question concerning the sentence exists. To demonstrate that a substantial question exists, a party must articulate reasons why a particular sentence raises doubts that the trial court did not properly consider [the] general guidelines provided by the legislature.

*Commonwealth v. Mouzon*, 812 A.2d 617, 621-22 (Pa. 2002) (citations omitted).

Here, Cromwell argues that his revocation sentence of not less than two nor more than five years' incarceration raises a substantial question because:

[t]he [c]ourt did not consider Mr. Cromwell's rehabilitative needs and imposed a disproportionally harsh sentence in light of the nature of his probation violations. While the trial court acknowledged Mr. Cromwell was suffering from severe brain trauma and had an ongoing substance abuse issues [*sic*], it did not consider any avenues to address Mr. Cromwell's need for treatment and rehabilitation.

Cromwell's Brief at 16. Cromwell has failed to articulate a substantial question that the sentence is inappropriate under the Sentencing Code.

A claim that the sentence fails to consider an appellant's rehabilitative needs and that the sentence was manifestly excessive fails to raise a substantial question. *Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa. Super. 2013) (citing *Commonwealth v. Mobley*, 581 A.2d 949, 952 (Pa. Super. 1990)); *see also Commonwealth v. Coss*, 695 A.2d 831, 833 (Pa. Super. 1997) (holding that, when the sentence imposed falls within the statutory limits, an appellant's claim that a sentence is manifestly excessive fails to raise a substantial question); *Commonwealth v. Bershad*, 693

A.2d 1303, 1309 (Pa. Super. 1997) (holding that a claim that a trial court failed to appropriately consider an appellant's rehabilitative needs does not present a substantial question).

Moreover, even if Cromwell had raised a substantial question, we nonetheless would affirm the judgment of sentence. Pursuant to our sentencing code:

> The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

42 Pa.C.S.A. § 9771(b).

Here, Cromwell concedes that he committed a substantive violation of his probation when he was convicted for theft of services, and that he incurred technical violations for, *inter alia*, failure to comply with reporting requirements. Cromwell's Brief at 21. We observe that the resulting sentence of not less than two nor more than five years falls squarely within the aggravated range of the guidelines set forth at the time of Cromwell's underlying sentencing. **See** Guideline Sentence Form, 8/28/2012, at 1.[2]

_____

[2] It is well-settled that "Sentencing Guidelines do not apply to sentences imposed following a revocation of probation." **Commonwealth v. Ferguson**, 893 A.2d 735, 739 (Pa. Super. 2006). We acknowledge the guideline sentence from the underlying case only to the extent that it demonstrates that Jones' sentence for revocation was available at the time of his initial sentencing. **See** 42 Pa.C.S.A. § 9771(b).

Therefore, the trial court was permitted to revoke his probation and impose a sentence available at the time of his initial sentencing. *See* 42 Pa.C.S.A. § 9771(b).

Furthermore, at the sentencing hearing, the court availed itself of a presentence report and stated its reasons for sentencing Cromwell on the record. *See* *Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa. Super. 2005) (holding that, if sentencing court has the benefit of pre-sentence investigation, it is presumed that the court was aware of relevant information regarding a defendant's character and weighed those considerations along with any mitigating factors); *Commonwealth v. Stewart*, 867 A.2d 589, 593 (Pa. Super. 2005) ("[A] trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range.").

Specifically, the trial court stated:

The Court:     Well, Mr. Cromwell, when you first came to me, you had a prior record score of four. The [c]ourt is satisfied that you are suffering from traumatic brain injury, which means that the last thing in the world you need to do is to take drugs . . . and continue to commit crime.

[Cromwell]:     Yes, ma'am.

The Court:     You have been positive for drugs even when you were at the Day Reporting Center. You refused to go for a drug and alcohol evaluation. You have not reported on a regular basis. We had no way of contacting you. You were in jail once before, and that didn't deter you from criminal activity.

- 7 -

[Cromwell]: And I—excuse me. I have been seeking help while I was down the ACJ. I'm a graduate of the Hope Program, and I attend N.A. and A.A. meetings weekly. So I have been doing something—

[Counsel for Cromwell]: [The court is] referring to the fact that you were sent to Pyramid and didn't go.

The Court: Right, not in the jail—you're doing okay when you're in jail. It's when you're out that your behavior is not acceptable.

[Cromwell]: Yes, ma'am.

The Court: It seems to me that your behavior is not amenable for county supervision, and I am going to revoke and order you to serve two to five years, with credit from September 8th of 2013.

The record will reflect that the [c]ourt ordered, read and considered a presentence report as well as a rather exhaustive report from the probation office.

N.T. at 8-10. We agree with the trial court that the sentence that it imposed was within the available sentencing ranges and was not in violation of our general sentencing standards "either due to its length or the reasons contained in the record for its imposition." T.C.O. at 4; *see also* 42 Pa.C.S.A. § 9721. Accordingly, we are satisfied that the trial court did not abuse its discretion in revoking and sentencing Cromwell. *Ahmad*, 961 A.2d at 888. Cromwell's challenges to the discretionary aspects of his sentence would not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/17/2014</u>