J-S71021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARKI PILGRIM | |
| Appellant | No. 789 MDA 2014 |

Appeal from the Judgment of Sentence April 14, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0002066-2013

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                 **FILED JANUARY 12, 2015**

Appellant, Marki Pilgrim, appeals from the judgment of sentence entered April 14, 2014, by the Honorable Michael J. Barrasse, Court of Common Pleas of Lackawanna County.  Additionally, Pilgrim's court-appointed counsel, Donna M. DeVita, Esquire, has filed an application to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 602 Pa. 159, 978 A.2d 349 (2009).  After careful review, we affirm Pilgrim's judgment of sentence and grant counsel's petition to withdraw.

On April 14, 2014, Pilgrim entered an open guilty plea to one count of conspiracy to deliver a controlled substance (heroin).[1]  Immediately

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 903(c).

thereafter, the trial court sentenced Pilgrim to a standard range sentence of 27 to 60 months' incarceration. Pilgrim filed a *pro se* motion for reconsideration of sentence and notice of appeal, which the trial court ordered forwarded to defense counsel. Pilgrim's counsel then filed a *nunc pro tunc* motion for reconsideration of sentence, which the trial court denied. This timely appeal followed.

As noted, Attorney DeVita has requested to withdraw and has submitted an **Anders** brief in support thereof contending that Pilgrim's appeal is frivolous. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 602 Pa. 159, 178-79, 978 A.2d 349, 361 (2009).

We note that Attorney DeVita has complied with all of the requirements of **Anders** as articulated in **Santiago**. Additionally, Attorney DeVita confirms that she sent a copy of the **Anders** brief to Pilgrim as well as a letter explaining to Pilgrim that he has the right to proceed *pro se* or

the right to retain new counsel. A copy of the letter is appended to Attorney DeVita's petition, as required by this Court's decision in **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), in which we held that "to facilitate appellate review, … counsel *must* attach as an exhibit to the petition to withdraw filed with this Court a copy of the letter sent to counsel's client giving notice of the client's rights." **Id**. at 749 (emphasis in original).

We will now proceed to examine the issue counsel set forth in the **Anders** brief.[2] Counsel raises the following issue for our review:

> Whether the sentence imposed was unduly harsh and excessive in light of the fact that [Pilgrim] was a product of particular circumstances and conditions of environment?

**Anders** Brief at 4 (unnecessary capitalization omitted).

Pilgrim challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [We] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902

---

[2] Pilgrim has not filed a response to Attorney DeVita's petition to withdraw.

and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Pilgrim filed a timely appeal and challenged his sentence in a post-sentence motion. Pilgrim's appellate brief also contains the requisite Rule 2119(f) concise statement. He argues that the trial court's standard range sentence of 27 to 60 months' incarceration was manifestly excessive and that the court failed to adequately consider his background. ***See Anders*** Brief at 8-9. These claims do not raise a substantial question as to the appropriateness of Pilgrim's sentence. ***See***, ***e.g.***, ***Commonwealth v. Dodge***, 77 A.3d 1263, 1272 (Pa. Super. 2013) ("Careful litigants should note that arguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected."); ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 793 (Pa. Super. 2001) (claim that sentencing court failed to defendant's "personal life situation" or other factors failed to raise a substantial question); ***Commonwealth v. Cross***, 695 A.2d 831, 833 (Pa. Super. 1997) ("[C]laim of excessiveness of sentence does not raise a substantial question where the sentence is within the statutory limits."). As Pilgrim does not present a substantial question for

our review, he fails to invoke this Court's jurisdiction over his discretionary sentencing claim.

After examining the issues contained in the **Anders** brief and undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Permission to withdraw as counsel is granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/12/2015</u>