J. S27019/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| TYRONE NEELY, | : | |
| | : | |
| Appellant | : | No. 1427 MDA 2015 |

Appeal from the Judgment of Sentence July 20, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division No(s): CP-22-CR-0001874-2013

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:                                   **FILED JUNE 08, 2016**

Appellant, Tyrone Neely, appeals from the Judgment of Sentence entered July 20, 2015, in the Court of Common Pleas of Dauphin County. After careful review, we find that Appellant failed to raise a substantial question that his sentence was not appropriate under the Sentencing Code as required to invoke this Court's jurisdiction to review the discretionary aspects of Appellant's sentence. Therefore, we affirm.

The relevant facts and procedural history of this case are as follows. On July 9, 2014, Appellant pled guilty to one count of Possession with Intent to Deliver a Schedule I Controlled Substance, one count of Tampering with or Fabricating Physical Evidence, and one count of Unlawful Possession of

---

[*] Former Justice specially assigned to the Superior Court.

Drug Paraphernalia[1] before the Honorable Scott A. Evans. On the charge of Possession with Intent to Deliver, Judge Evans sentenced Appellant to forty-eight months of intermediate punishment, with the first six months to be served in the Work Release Center ("WRC"), and the second six months to be served on electronic monitoring with house arrest, all to run consecutive to a prior sentence Appellant was serving on an unrelated offense. [2] N.T. Revocation Hearing, 7/20/15, at 2.

Appellant did not begin serving his sentence in WRC on the instant case until May 14, 2015. *Id.* at 4. Barely one month into his sentence, on June 20, 2015, Appellant was removed from WRC and remanded back to Dauphin County Prison after Appellant refused to comply with WRC rules and became verbally abusive and threatening to WRC staff members. *Id.* Two days later, the Director of WRC determined that Appellant is "no longer deemed appropriate for the Work Release Program." *Id.* at 5.

Due to Appellant's actions and subsequent removal from WRC, a Revocation Hearing was held on July 20, 2015. Adult Probation Officer Russo testified that on June 20, 2015, Appellant attempted to leave WRC to cash a check, but was denied permission because he was on bunk arrest for a prior infraction. *Id.* at 4. Appellant became combative, threatening to

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S. § 4910; and 35 P.S. § 780-113(a)(32), respectively.

[2] The trial court imposed no further penalty on the other two counts.

leave without authorization and making a racially derogatory comment to a staff member. *Id.*

Judge Evans found Appellant in violation of his intermediate punishment sentence. *Id.* at 6-7. Judge Evans then revoked Appellant's prior sentence and resentenced him on the charge of Possession with Intent to Deliver to six to twenty-three months of imprisonment at Dauphin County Prison, followed by six months to be served on electronic monitoring with house arrest. *Id.*

Appellant filed a timely Post-Sentence Motion on July 30, 2015, which Judge Evans denied on August 4, 2015. On August 19, 2015, Appellant filed a Notice of Appeal. In compliance with the court's order, Appellant then filed a Rule 1925(b) Statement of Errors Complained of on Appeal. The trial court did not file a Rule 1925(a) Opinion.

Appellant raises the following issue on appeal:

Whether the trial court erred in denying Appellant's Post-Sentence Motion where his sentence is excessive and unreasonable and constitutes too severe a punishment in light of the gravity of the offense, what is necessary to protect the public, and Appellant's rehabilitative needs?

Appellant's Brief at 5.

Appellant challenges the discretionary aspects of his sentence, and as such must properly invoke this Court's jurisdiction in order to seek review on the merits. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Griffin*, 65

A.3d 932, 935 (Pa. Super. 2013) (citation omitted).  Rather, Appellant must first meet his burden of satisfying the following four elements before we will review the discretionary aspect of a sentence:

> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** (quoting ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)).

Here, Appellant met the first three elements by filing a timely Notice of Appeal, properly preserving the issues, and including in his brief a Statement of Reasons Relied Upon for Allowance of Appeal, pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) Statement").

Accordingly, we next determine whether Appellant's claims present a "substantial question" for review.  "The Rules of Appellate Procedure mandate that to obtain review of such claims, the appellant must include in his brief a Concise Statement of Reasons Relied Upon for Allowance of Appeal." ***Commonwealth v. Coulverson***, 34 A.3d 135, 142 (Pa. Super. 2011) (citations omitted).  An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282

(Pa. Super. 2010) (citation omitted). This Court may refuse to accept jurisdiction where an appellant's Rule 2119(f) Statement fails to raise "a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a 'fundamental norm' of the sentencing process." ***Coulverson***, 34 A.3d at 142 (citations omitted).

In the instant case, Appellant's Rule 2119(f) Statement lacks any reference to the applicable sentencing guidelines or to a single fundamental norm of the sentencing process. Instead, Appellant's Rule 2119(f) Statement contains a wholly undeveloped assertion that his sentence was unreasonable and excessive, followed by a list of excuses for why he violated the terms of his WRC sentence.[3] Appellant's Brief at 8-10.

It is clear from our precedent that Appellant has failed to raise a substantial question as to his sentence, and therefore failed to invoke the jurisdiction of this Court. ***See, e.g., Commonwealth v. Cannon***, 954 A.2d 1222, 1228–29 (Pa. Super. 2008) (finding no substantial question raised by a claim that the trial court failed to consider the defendant's rehabilitative needs, age, and educational background); ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792-93 (Pa. Super. 2001) (finding no substantial question

---

[3] Appellant avers that he was unfairly placed on bunk arrest for returning to WRC after curfew because he was working overtime and missed his bus. He excuses his abusive conduct toward WRC staff members by arguing that he was frustrated that he could not do laundry. Appellant's Brief at 9-10.

raised by a claim that the probation revocation sentence failed to take into consideration the defendant's rehabilitative needs and was manifestly excessive where sentence was within statutory guidelines and within sentencing guidelines); *Commonwealth v. Coss*, 695 A.2d 831, 833-34 (Pa. Super. 1997) (holding that, when the sentence imposed falls within the statutory limits, an appellant's claim that a sentence is manifestly excessive fails to raise a substantial question).

Therefore, having found that Appellant failed to properly invoke this Court's jurisdiction by raising a substantial question as to his sentence, we affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed. Jurisdiction relinquished.

President Judge Emeritus Stevens joins this Memorandum.

Judge Shogan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2016