J-S94011-16
J-S94012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JESUS SANCHEZ-ECHEVARRIA | |
| Appellant | No. 1265 MDA 2016 |

Appeal from the Judgment of Sentence July 14, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005792-2014

＊＊＊＊＊

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JESUS M. SANCHEZ-ECHEVARRIA | |
| Appellant | No. 1266 MDA 2016 |

Appeal from the Judgment of Sentence July 14, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005625-2015

BEFORE:  LAZARUS, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 17, 2017**

---

[*] Former Justice specially assigned to the Superior Court.

Jesus Sanchez-Echevarria appeals from the judgment of sentence[1] entered in the Court of Common Pleas of Berks County following his open guilty plea to charges of aggravated assault[2] and making terroristic threats.[3] Upon review, we affirm.

On May 4, 2015, Sanchez-Echevarria entered a negotiated guilty plea to making terroristic threats. He was sentenced to two years of probation. While serving this sentence, the criminal charges in the instant matter for aggravated assault and terroristic threats were filed. At his guilty plea hearing on the new charges on July 14, 2016, Sanchez-Echevarria admitted to attacking Alexandra Nazario-Santiago on November 4, 2015, by repeatedly punching and kicking her and knocking her on the floor. He also admitted that during the same incident he threatened to kill Nazario-Santiago and screamed that he would "kill the kids." N.T. Guilty Plea and Sentencing Hearing, 7/14/16, at 5.

The court accepted Sanchez-Echevarria's guilty plea, which constituted a violation of probation regarding his earlier sentence for making terroristic

---

[1] Sanchez-Echevarria was sentenced in one proceeding at two separate trial court docket numbers and filed separate notices of appeal for each of the docket numbers. Because Sanchez-Echevarria raises the same issue in both appeals, we have consolidated them on appeal and we dispose of both cases in this memorandum. *See* Pa.R.A.P. 513.

[2] 18 Pa.C.S. § 2702(a)(1).

[3] 18 Pa.C.S. § 2706(a)(1).

threats. The court sentenced Sanchez-Echevarria to 3 to 6 years' incarceration for aggravated assault and 5 years' probation for making terroristic threats. As to the direct violation of his probationary sentence, the court imposed a new sentence of 1 to 2 years' incarceration to be served consecutively to the aggravated assault term of imprisonment. Sanchez-Echevarria filed a timely post-sentence motion, which the court denied. Thereafter, Sanchez-Echevarria filed a timely notice of appeal and court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Sanchez-Echevarria raises the following issue for our review:

> Whether the [s]entencing [c]ourt abused its discretion by sentencing Sanchez-Echevarria to an aggregate term of incarceration [of] 4 years to 8 years in a state correctional institution where the sentencing judge focused solely on the offense as it relates to the impact on the life of the victim and no the other general principles set forth in the sentencing code, specifically the lack of impact on the community and the rehabilitative needs of [Sanchez-Echevarria] or other mitigating facts set forth by [Sanchez-Echevarria] at the time of sentencing[,] thereby causing the sentence of incarceration to be excessive?

Brief of Appellant, at 6.

Sanchez-Echevarria asserts that the sentence imposed by the trial court was excessive and unreasonable and did not take into consideration his rehabilitative needs. This claim implicates the discretionary aspects of Sanchez-Echevarria's sentence, and is not appealable as of right.

*Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before we can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.* (quoting *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011)).

Instantly, Sanchez-Echevarria filed a post-sentence motion raising his sentencing claim, followed by a timely notice of appeal to this Court. He has also included in his appellate brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Rule 2119(f). We must now determine whether Sanchez-Echevarria has raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. In order to do so, an appellant must "advance a colorable argument that the sentencing court's actions were inconsistent with a specific provision of the Sentencing Code or violated a fundamental norm of the sentencing process." *Commonwealth v. Feucht*, 955 A.2d 377, 383-84 (Pa. Super. 2008).

In his Rule 2119(f) statement, Sanchez-Echevarria claims that his sentence is manifestly excessive because it is beyond the recommendation

- 4 -

of the Commonwealth and the supervising probation officer. Ordinarily, the mere claim that a sentence is excessive when it is within the statutory limits does not raise a substantial question. *See Commonwealth v. Coss*, 695 A.2d 831, 833 (Pa. Super. 1997) Here, however, Sanchez-Echevarria also asserts that the sentencing court took into account only the impact of the crime on the victim, thereby considering only one of the general factors set forth in 42 Pa.C.S. § 9721. *See* 42 Pa.C.S. § 9721(b) ("sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant"). Thus, Sanchez-Echevarria alleges that the sentencing court violated a fundamental norm of the sentencing process. *Feucht*, *supra*. Accordingly, he has raised a substantial question, and we will address the merits of his appeal.

Sentencing is within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007). "[A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless 'the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.'" *Id.* (quoting *Commonwealth v. Smith*, 673 A.2d 893, 895 (Pa. 1996)).

Instantly, the sentence imposed was beyond the recommendation of the Commonwealth but within the statutory limits for the crimes to which Sanchez-Echevarria pled guilty. Moreover, Sanchez-Echevarria's contention that the court focused solely on the impact on the victim is belied by the record. At sentencing in this matter, the court noted that Sanchez-Echevarria's probationary sentence for previously making terroristic threats had not been effective in rehabilitating him. Additionally, the altercation with Nazario-Santiago took place in front of Sanchez-Echevarria's and her children, and the court noted that "one sees that violence and thinks that's the appropriate way to behave. So I have concerns about what his children have witnessed." N.T. Guilty Plea and Sentencing Hearing, 7/14/16, at 11-12. Accordingly, the court took a reasoned approach and sentenced Sanchez-Echevarria after taking into account multiple factors, including Sanchez-Echevarria's rehabilitative needs and the protection of the public. 42 Pa.C.S. § 9721(b). Thus, we discern no abuse of discretion. **_Walls_**, **_supra_**.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/17/2017</u>