J. S01023/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
    :           PENNSYLVANIA
    :
          v.     :
    :
    :
    :
AMOS RUSSELL HUBBARD III,     :
    :
          Appellant     :     No. 918 MDA 2016

Appeal from the Judgment of Sentence August 14, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0000174-2015

BEFORE: GANTMAN, P.J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:           **FILED JANUARY 31, 2017**

Appellant, Amos Russell Hubbard III, appeals from the Judgment of Sentence entered August 14, 2015, in the Court of Common Pleas of Dauphin County. After careful review, we find that Appellant failed to raise a substantial question that his sentence was not appropriate under the Sentencing Code as required to invoke this Court's jurisdiction to review the discretionary aspects of Appellant's sentence. Therefore, we affirm.

The relevant facts and procedural history of this case are as follows. On August 14, 2015, Appellant entered an open guilty plea to one count of Robbery, a felony of the second degree.[1] The charges stemmed from Appellant's October 2, 2014 robbery of a financial institution using a demand

---

[1] 18 Pa.C.S. § 3701(a)(1)(vi).

note to take $1,105 from a teller at the First National Bank in Dauphin County. The trial court sentenced Appellant to a term of 18 to 60 months' incarceration.

Appellant filed a timely Post-Sentence Motion to Modify Sentence on August 25, 2015, which the trial court denied on September 1, 2015. On September 25, 2015, Appellant filed a timely Notice of Appeal. Appellant discontinued his appeal on December 1, 2015.

On December 9, 2015, Appellant filed a PCRA Petition. On January 5, 2016, the PCRA court reinstated Appellant's appellate rights and permitted him to file a new Post-Sentence Motion within ten days.[2] Appellant filed a Post-Sentence Motion to Modify Sentence on January 11, 2016.

On June 3, 2016, Appellant filed a Notice of Appeal.[3] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

Whether the trial court abused its discretion in sentencing Appellant to an aggregate sentence of eighteen (18) to sixty (60) months['] state incarceration where Appellant's sentence is excessive and unreasonable and constitutes too severe a

---

[2] The Commonwealth did not oppose Appellant's PCRA Petition.

[3] The trial court noted that it failed to file an Order disposing of Appellant's Motion to Modify Sentence and the clerk of courts failed to issue an Order indicating it was denied by operation of law on or about May 10, 2016. Trial Court Opinion, dated 8/23/16, at 3. Accordingly, the trial court deemed Appellant's Notice of Appeal timely filed due to a "breakdown of the processes of the trial court" pursuant to **Commonwealth v. Braykovich**, 664 A.2d 133 (Pa. Super. 1995). **Id**. We agree with the trial court's assessment and will not quash this appeal on this basis.

punishment in light of the rehabilitative needs of the Appellant and where the punitive measures inherent in this sentencing scheme could have been accomplished with the imposition of a lesser sentence?

Appellant's Brief at 5.

Appellant challenges the discretionary aspects of his sentence, and as such must properly invoke this Court's jurisdiction in order to seek review on the merits. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted). Rather, Appellant must first meet his burden of satisfying the following four elements before we will review the discretionary aspect of a sentence:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Id.* (quoting *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

Here, Appellant met the first three elements by filing a timely Notice of Appeal, properly preserving the issue, and including in his brief a Statement of Reasons Relied Upon for Allowance of Appeal pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) Statement").

Accordingly, we next determine whether Appellant's claims present a "substantial question" for review. An appellant raises a "substantial

question" when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted). This Court has no jurisdiction where an appellant's Rule 2119(f) Statement fails to raise "a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a 'fundamental norm' of the sentencing process." ***Commonwealth v. Coulverson***, 34 A.3d 135, 142 (Pa. Super. 2011) (citations omitted).

In the instant case, Appellant avers that (1) his sentence was unreasonable and excessive,[4] (2) "the [trial] court should have placed a higher weight on the fact that while incarcerated in Dauphin County Prison, Appellant attended and successfully completed the Second Chance Drug and Alcohol rehabilitation program and continued with the program as a mentor[,]" and (3) "Appellant's father has serious and potentially terminal health issues and … the [trial] court abused its discretion in sentencing Appellant to a lengthy sentence that may prevent Appellant from seeing his father before he dies." Appellant's Brief at 10-11. None of Appellant's contentions set forth a "plausible argument that the sentence violates a

---

[4] Appellant recognizes that his sentence of 18 to 60 months' incarceration "is within the standard range of the guidelines[.]" Appellant's Brief at 13.

provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Crump, supra*** at 1282.

It is clear from our precedent that Appellant has failed to raise a substantial question as to his sentence, and therefore failed to invoke the jurisdiction of this Court. ***See, e.g., Commonwealth v. Cannon****,* 954 A.2d 1222, 1228–29 (Pa. Super. 2008) (finding no substantial question raised by a claim that the trial court failed to consider adequately the defendant's mitigating factors, including his rehabilitative needs, age, and educational background); ***Commonwealth v. Coolbaugh****,* 770 A.2d 788, 792-93 (Pa. Super. 2001) (finding no substantial question raised by a claim that a probation revocation sentence failed to take into consideration the defendant's rehabilitative needs and was manifestly excessive where sentence was within statutory guidelines and within sentencing guidelines); ***Commonwealth v. Coss***, 695 A.2d 831, 833-34 (Pa. Super. 1997) (holding that, when the sentence imposed falls within the statutory recommendation, an appellant's claim that a sentence is manifestly excessive fails to raise a substantial question). Therefore, we affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2017