486 A.2d 984

**COMMONWEALTH of Pennsylvania**

v.

**William H. BIVENS, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 24, 1984.

Filed Jan. 4, 1985.

Bruce A. Barrett, Assistant Public Defender, Meadville, for appellant.

John M. Dawson, Assistant District Attorney, Meadville, for Commonwealth, appellee.

Before SPAETH, President Judge, and BROSKY and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

In this case, William H. Bivens appeals the judgment of sentence imposed by the Court of Common Pleas of Crawford County. He contends that the sentencing judge erroneously calculated his prior record score and thus, under the Sentencing Guidelines, sentenced him to a longer term than was proper. After reviewing the record, the opinion of the sentencing court and the law, we agree and vacate the judgment of sentence.

William H. Bivens was charged on June 27, 1983, with unlawful delivery of a controlled substance, in connection with the sale of 24 grams of marijuana to an undercover police officer.[1] He entered a plea of no contest on November 15, 1983, and was sentenced to 21 months to 42 months

---

1. Twenty-four grams of marijuana is less than one ounce.

in the State Correctional Institution at Pittsburgh. He moved for reconsideration of sentence, arguing that the court had added to his prior record score two points for a juvenile adjudication when that adjudication should have counted as zero.[2] The court rejected his argument.

■ The general rule for courts in selecting among sentencing alternatives is that "the sentence imposed should call for confinement consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. Sec. 9721(b) (Purdon's 1982). To effectuate this principle, the court is required to consider the Sentencing Guidelines when determining the appropriate sentence for felonies and misdemeanors. 42 Pa.C.S. Sec. 9721; 204 Pa.Code Sec. 303.1(a).

■ The Sentencing Guidelines impose strict limitations on the use of juvenile adjudications in sentencing for crimes

2. Appellant was convicted of one burglary as an adult, and of two misdemeanors. Under the Sentencing Guidelines, if only those convictions were to be counted, his prior record score would be three. The calculation of his record score for the juvenile adjudication is the problem.

The Sentencing Guidelines allow a sentencing court to score only juvenile adjudications for crimes that would count as felonies if committed by adults. Any type of burglary is a Felony I. See 42 Pa.C.S. Sec. 9721, 204 Pa.Code 303.8 (statutory classification of offenses). Appellant's juvenile adjudication, if for burglary, thus would count as two points in a prior record score calculation. If his juvenile adjudication were to be counted as an adjudication for larceny and shoplifting, both misdemeanors if of the nature alleged in the juvenile petition, his adjudication would count as zero, since juvenile misdemeanors are not scored. 42 Pa.C.S. Sec. 9721; 204 Pa.Code 303.-7(b)(1)(ii).

The offense gravity score for delivery of controlled substances is five. With two points for his prior record score for an adult burglary, and one point for misdemeanors, appellant's minimum sentence with the juvenile adjudication deemed to be a misdemeanor (and not counted under the Guidelines) would be 8 months to 12 months. His minimum sentence with the juvenile adjudication counted as a burglary would be 21 months to 30 months.

committed as an adult.[3]  Juvenile adjudications may be counted when:

> (T)here was an express finding that the adjudication was based on the commission of a felony or one of the weapons misdemeanors listed in subsection (a)(3) where the adjudication occurred on or after the defendant's 14th birthday.

204 Pa.Code Sec. 303.7(b)(ii).

The juvenile record in the case at bar, which the lower court thoughtfully appended to the record of the case, contains the following items:

(1) A complaint that William Harrison Bivens "did commit acts of shoplifting and on two occasions, burglary and larceny."

(2) An order setting a hearing date for the complaint.

(3) An order adjudging William Harrison Bivens delinquent and placing him under the care of his mother, subject to the supervision of the Juvenile Probation Officer of Crawford County.

(4) An order releasing William Harrison Bivens from the jurisdiction of the Juvenile Court upon his enlistment in the U.S. Navy.

(5) A report entitled "Probation Department—Presentence Report" dated February 1, 1965, containing an official version of the events leading to the adjudication of delinquency and the juvenile's version of the events.  A family history is appended, as is the juvenile officer's recommendation that the juvenile be reprimanded rather than put on probation.

The juvenile adjudication at issue occurred in 1965, when appellant was 18.  There is no transcript of the hearing that took place.  There is no indication that the accused juvenile had counsel, or had the chance to confront his accuser, or

---

3. The Sentencing Commission apparently was divided on this issue, but eventually decided to bar the use of juvenile adjudications unless an "express finding" had been made.

cross-examine him.[4] The only evidence that then-juvenile William Bivens committed burglary or any other crime is in the probation officer's unsworn presentence report. The court's order finding appellant delinquent is not specific.

In our opinion, the Sentencing Commission, when drafting the Guidelines, meant for juvenile adjudications not to be counted in sentencing unless there was no doubt that the juvenile had been adjudicated delinquent for a specific offense that would be a felony if committed by an adult.[5] Otherwise, the juvenile adjudication may be counted against the adult defendant unfairly.

Since the juvenile court did not expressly find appellant delinquent for burglary, a Felony I, we cannot hold that the adjudication should be counted as two points in this sentencing. The adjudication thus should not have been counted toward his prior record score. Appellant's prior record score should have been counted as three, counting one adult burglary as two points, and misdemeanors as one point, and thus his sentence was in excess of the Sentencing Guidelines.

We note that the sentencing court examined appellant's juvenile record and concluded that the adjudication was for burglary, a Felony I, making the adjudication useable in the prior record score. The court below apparently relied on the presentence report of the probation officer in deciding that appellant had committed a burglary when he was a juvenile.

We believe the court was correct to try to determine the nature of the juvenile adjudication, but that the record available does not support a finding that the adjudication

4. We note that the Supreme Court held in *In Re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), that juveniles are entitled to some of the same procedural protections with which we surround adult criminal defendants. This juvenile adjudication, unfortunately, occurred two years prior to the Court's holding in *Gault*, and it appears, from the record, that no protective procedures were followed.

5. A juvenile weapons misdemeanor would also be counted, as one point, in the prior record score. 42 Pa.C.S. Sec. 9721; 204 Pa.Code 303.7(b)(1)(ii).

was for burglary. The juvenile court made no specific, or even general, statement as to its reason for determining appellant delinquent. The statements in the presentence report were unsworn. The only account of the juvenile's version of the facts is through the probation officer. The adjudication *could* have been for burglary; given the limited record available, we cannot say that the juvenile court determined that the various allegations and statements were true.

■ We hold that when a 18-year-old adjudication of delinquency is used in sentencing an adult, the Sentencing Guideline's requirement of "express finding" of the commission of a felony is not fulfilled when there are multiple charges and there is no statement by the court on specific offenses. If only one charge were presented in the petition and adjudication, we might hold differently; if the adjudication were relatively recent, it might be appropriate to remand for a determination of whether the felony charged was the basis for the adjudication. That is not the case here.[6] Accordingly, we vacate the sentence of 21 months to 42 months and remand for resentencing. Jurisdiction is relinquished.

---

6. We believe that it would be futile to remand for a determination of whether a felony had been committed in 1965 because of the length of time involved.