**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Edward COSS, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted March 3, 1997.

Filed June 9, 1997.

Edward Coss, Jr., appellant, pro se.

Michael J. Barrasse, Dist. Atty., Scranton, for Com., appellee.

Before McEWEN, P.J., and SCHILLER and OLSZEWSKI, JJ.

SCHILLER, Judge.

Appellant, Edward Coss, Jr., appeals from the judgment of sentence entered by the Court of Common Pleas of Lackawanna County following his conviction of one count each of aggravated assault[1] and simple assault.[2] We affirm.

FACTS:

On September 11, 1990, following a jury trial, appellant was convicted of the crimes described above. These crimes stem from the beating of Peter Petrovich on August 30, 1989, by a group of five or six men, including appellant. After a trial by jury and his conviction, appellant was sentenced to a term of imprisonment of six to twelve years on the aggravated assault conviction, which was within the standard range of the Pennsylvania Sentencing Guidelines.[3] On direct appeal, this Court vacated the sentence because it was not clear that the presentence report was accurate; concurrently, we remanded the case for resentencing. *Commonwealth v. Coss,* 449 Pa.Super. 718, 674 A.2d 313 (Memorandum decision, No. 00962 Philadelphia 1995, December 13, 1995). Prior to resentencing, appellant challenged the determination of his prior record and offense gravity scores. The trial court determined that the offense gravity score for the aggravated assault conviction would remain the same at 9, using the sentencing guidelines in effect at the time appellant committed this crime, but reduced the prior record score from 3 to 2, agreeing with appellant that his three prior misdemeanors convictions all arose from the same action, and did not count separately against his prior record, pursuant to 204 Pa.Code 303.7(b), 42 Pa.C.S. § 9721. Thereafter, the trial court resentenced appellant to the same sentence, i.e. six to twelve years imprisonment; this was still within the standard range of the sentencing guidelines. This appeal followed.

DISCUSSION:

Appellant now raises several issues concerning the correctness of his sentence: (1)

whether the trial court abused its discretion in sentencing appellant to six to twelve years imprisonment; (2) whether the trial court failed to state on the record its reasons for the sentence and for total confinement; (3) whether the trial court erred in computing the offense gravity score; and (4) whether the trial court erred in computing the prior record score.

Regarding his first issue, appellant does not have an appeal as of right from the discretionary aspects of his sentence. 42 Pa.C.S. § 9781(b); *Commonwealth v. Scullin,* 414 Pa.Super. 442, 446–47, 607 A.2d 750, 752 (1992), *alloc. denied* 533 Pa. 633, 621 A.2d 579 (1992). Two requirements must be met before appellant's challenge to the judgment of sentence will be heard on the merits. *Commonwealth v. Koren,* 435 Pa.Super. 499, 503, 646 A.2d 1205, 1207 (1994). First appellant must "set forth in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f), *Id.* Second, the appellant must show "that there is a substantial question that the sentence imposed is not appropriate under this chapter." 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki,* 513 Pa. 508, 513, 522 A.2d 17, 20 (1987), *Commonwealth v. Urrutia,* 439 Pa.Super. 227, 236, 653 A.2d 706, 710, *alloc. denied* 541 Pa. 625, 661 A.2d 873 (1995). This Court has held that a claim of excessiveness of sentence does not raise a substantial question where the sentence is within the statutory limits. *Commonwealth v. Jones,* 418 Pa.Super. 93, 106, 613 A.2d 587, 593 (1992), *alloc. denied* 535 Pa. 615, 629 A.2d 1377 (1993) (*en banc*).

We note that appellant has set forth in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). However, appellant has not raised a substantial question that the sentence imposed was inappropriate, because the sentence imposed was within the statutory recommendation. The guidelines in effect at the time appellant was convicted suggested a minimum sentence of 48–72 months

---

1. 18 Pa.C.S. § 2702.

2. 18 Pa.C.S. § 2701.

3. The simple assault conviction merged for purposes of sentencing.

where the offense gravity score is 9 and the prior record score is 2. Appellant was sentenced to 72–144 months, which, as appellant acknowledges, was within the applicable range. Appellant argues that the trial court abused its discretion by sentencing him to the highest sentence possible under the standard range. Such an argument does not raise a substantial question under *Commonwealth v. Tuladziecki, supra,* and therefore appellant's argument is not cognizable.

■ Appellant's next issue is that the trial court failed to adequately explain its reasons on the record for the sentence and for the imposition of total confinement. This issue is reviewable:

> Although a claim that the trial court failed to provide reasons for its sentence technically involves the discretionary aspects of sentencing, *see Commonwealth v. Smicklo,* 375 Pa.Super. 448, 544 A.2d 1005 (1988) (*en banc*), the trial court has no discretion in determining whether or not to place such reasons on the record. Rather, the Sentencing Code provides, in pertinent part, that "[i]n every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b).

*Commonwealth v. Egan,* 451 Pa.Super. 219, 224, 679 A.2d 237, 239 (1996).

■ Thus, a trial court is required to state its reasons for the sentence on the record. 42 Pa.C.S. § 9721(b). This requirement can be satisfied by the trial court indicating, on the record, that it has been informed by a presentence report. *Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988). A failure to provide the reasons for the sentence imposed constitutes reversible error requiring resentencing. *Commonwealth v. Egan, supra.* In addition, 42 Pa.C.S. § 9725 requires the trial court to state its reasons for imposing a sentence of total confinement:

> The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the de-

fendant, it is of the opinion that the total confinement of the defendant is necessary because:

> (1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;

> (2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

> (3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

42 Pa.C.S. § 9725. *See Commonwealth v. Mullen,* 321 Pa.Super. 19, 467 A.2d 871 (1983).

■ In resentencing appellant after the remand, the trial court stated:

> Mr. Coss, in passing sentence on you I've taken into consideration the presentence investigation report . . . I've taken into consideration the statements by Mr. Gertz [appellant's attorney] and the seriousness and nature of the crime involved here, the well being and protection of the people who live in our community, your criminal disposition, your prior criminal record, the possibility of your rehabilitation, and the testimony that I've heard. I was the trial judge and I take into consideration the testimony from the trial.
>
> I think that it's indicative that from your actions that you will continue to break the law unless given a period of incarceration. The record also reflects that shortly after—I think seven of eight months after being discharged from state parole supervision that you committed this offense, and therefore you failed to take advantage of the programs and rehabilitation programs that you have been involved in. And the recommendation falls within the standard range of the sentencing guidelines and I find no reason to reduce the defendant's sentence.

N.T., March 27, 1996, pp. 27–29. It is clear from this statement that the trial court stated sufficient reasons for its sentence on the record, including that it relied on a presentence report, and that it considered total

confinement necessary because there was a likelihood that appellant would commit another crime if not imprisoned. As such, appellant's argument is meritless.

Appellant's third issue is that the trial court erred in computing the offense gravity score for the aggravated assault crime. Using the sentencing guidelines in effect for this conviction, the trial court determined that the aggravated assault conviction carried an offense gravity score of 9 because serious bodily injury was caused. Appellant argues that he was convicted of only attempting to cause serious bodily injury, which carried with it an offense gravity score of 8.

■ The Commonwealth argues that this issue, and the next one regarding computation of a prior record score, go to the discretionary aspects of appellant's sentence, and hence are not reviewable as a matter of right. We disagree. "Calculation of a prior record score or an offense gravity score are not matters within the trial court's discretion. Therefore, neither [42 Pa.C.S.] § 9781 nor [Pa.R.A.P.] 2119(f) are implicated in this issue on appeal." *Commonwealth v. Johnson*, 421 Pa.Super. 433, 440, 618 A.2d 415, 418–19 (1992). "[W]here the issue on appeal is the improper calculation of a prior record score or an offense gravity score, a direct appeal lies because these are legal questions, and a discretionary review is not appropriate." *Id.* at 440, 618 A.2d at 419. Therefore, appellant has an appeal as of right to raise these issues.

■ At trial, appellant was tried and convicted of aggravated assault under subsection (1) of the statute, which provides:

(a) **Offense defined.** A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life

18 Pa.C.S. § 2702(a)(1). At sentencing, the trial court rejected appellant's argument that he was convicted of **attempting** to cause serious bodily injury, as opposed to **causing** serious bodily injury, stating, "The evidence

at the trial—and I was the trial judge on this—is that the victim in this case, Petrovich, suffered bodily injury, serious bodily injury." N.T., March 27, 1996, p. 6. This finding of fact was supported by the evidence produced at trial, which showed that the victim had to undergo plastic surgery as a result of the assault by appellant. *See generally Commonwealth v. Caterino*, 451 Pa.Super. 42, 678 A.2d 389, *alloc. denied*, 546 Pa. 652, 684 A.2d 555 (1996). As a result, the trial court's finding that appellant was convicted of aggravated assault for causing serious bodily injury was supported by the evidence, and, therefore, the trial court did not err in using an offense gravity score of 9 in sentencing appellant.

Appellant's last issue is that the trial court erred in computing his prior record score. The court determined that appellant's prior record score was 2 based on his previous adjudication of delinquency. The Sentencing Guidelines provide for the use of a prior juvenile adjudication of delinquency if "there was an express finding by the juvenile court that the adjudication was for a felony." 204 Pa.Code § 303.5, 42 Pa.C.S. § 9721. If there is such a finding, the juvenile offense is given a prior record score of 2. 204 Pa.Code § 303.6, 42 Pa.C.S. § 9721. Appellant argues that here there was no express finding that this adjudication of delinquency resulted from the conviction for a felony, and therefore his prior record score should have been 0.

■ In *Commonwealth v. Bivens*, 337 Pa.Super. 216, 486 A.2d 984 (1985), this Court in interpreting this section stated:

In our opinion, the Sentencing Commission, when drafting the Guidelines, meant for juvenile adjudications not to be counted in sentencing unless there was no doubt that the juvenile had been adjudicated delinquent for a specific offense that would be a felony if committed by an adult. Otherwise, the juvenile adjudication may be counted against the adult defendant unfairly.

*Id.* at 220, 486 A.2d at 986. The obvious intent of the Sentencing Guidelines and this Court's holding in *Bivens* is that a juvenile

**836**

adjudication of delinquency should not be counted unless a felony was specifically found to have been committed. In other words, in a situation where a general adjudication was rendered and it may be unclear to a reviewing court whether the trial court actually found that the juvenile had committed a felony as opposed to related misdemeanors, the ambiguity created is construed in favor of the defendant offender. However, this ambiguity does not exist in a situation like the present, where the defendant specifically pleads guilty to the felony. Such a plea obviates the need for the juvenile court to make an express finding.

Appellant was adjudicated delinquent in 1985, after he pled guilty to multiple charges which included a charge of burglary. The learned and well respected trial judge in this case, the Honorable James M. Munley, held that this was a sufficient basis to conclude that appellant was adjudicated delinquent specifically based on the burglary charge. It is clear from the record of the juvenile adjudication[4] that appellant was aware that he was pleading guilty to burglary.[5] Thus, the record is clear that appellant knowingly admitted the commission of a felony before the juvenile court and that his adjudication of delinquency was based, at least in part, on the commission of a felony. As such, the trial court did not err in finding that appellant was adjudicated delinquent because of a felony, and appellant's argument that his prior record score should be 0 instead of 2 is meritless.

CONCLUSION:

Appellant's argument that the trial court abused its discretion in sentencing him to 6 to 12 years imprisonment does not raise a substantial question regarding his sentence and is not cognizable on this appeal. The trial court did not fail to state sufficient reasons for its sentence and for ordering total confinement. The trial court also did

not err in computing the offense gravity score for the aggravated assault conviction, or in computing appellant's prior record score.

Consequently, the judgment of sentence entered by the Court of Common Pleas of Lackawanna County is affirmed.

---

4. We note that the official record in this case was lost and that our review is based on a reconstructed record supplied by the trial court. Nowhere in that record is there any of the proceedings from the juvenile adjudication, which occurred on October 18, 1985. Instead, our review is based on the transcript of the juvenile hearing supplied by appellant in his reproduced record, which the Commonwealth does not allege is inaccurate.

5. We note that every type of burglary set forth in 18 Pa.C.S. § 3502 constitutes a felony.