J-S18022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHACE THOMAS KUCHARSKI | |
| Appellant | No. 1276 MDA 2015 |

Appeal from the Judgment of Sentence July 6, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000067-2014,
CP-35-CR-0000474-2013, CP-35-CR-0000480-2013,
CP-35-CR-0000603-2013

BEFORE:  BOWES, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED FEBRUARY 26, 2016**

Chace[1] Thomas Kucharski appeals from the judgment of sentence entered by the Court of Common Pleas of Lackawanna County.  Kucharski's counsel also seeks to withdraw pursuant to the dictates of ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).  Upon review, we grant counsel's petition to withdraw and affirm Kucharski's judgment of sentence.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  We note that the record includes different spellings of Appellant's first name, including "Chace" and "Chase."  Because the notice of appeal uses the "Chace" spelling, we incorporate it herein.

The trial court stated the facts of this matter as follows:

Under docket number CP-35-CR-0000474-2013, [Kucharski] was charged with Access Device Fraud in violation of 18 Pa.C.S.A. § 4106(a)(1)(iv), and Receiving Stolen Property in violation of 18 Pa.C.S.A. § 3925(a). On January 21, 2013, the Archbald Police Department received a complaint that several credit cards were stolen from a motor vehicle. Police investigation revealed that the signature on the receipt from the unlawfully used card matched [Kucharski's] initials, signature on record, and occurred near [Kucharski's] residence. [Kucharski] was arrested after giving Archbald Police a written statement admitting that he used one of several cards reported stolen from the vehicle.

Under docket number CP-35-CR-0000480-2013, [Kucharski] was charged with Unauthorized Use of a Motor Vehicle in violation of 18 Pa.C.S.A. § 3928(a) after a January 28, 2013 incident in which [Kucharski] operated his friend's vehicle without permission, struck a fence, and drove through a yard.

Under docket number CP-35-CR-0000603-2013, [Kucharski] was charged with Theft from a Motor Vehicle in violation of 18 Pa.C.S.A. § 3934(a), Receiving Stolen Property in violation of 18 Pa.C.S.A. § 3925(a), Loitering and Prowling at Night Time in violation of 18 Pa.C.S.A. § 5506, and Public Drunkenness and Similar Misconduct in violation of 18 Pa.C.S.A. § 5505. These charges stemmed from a March 12, 2013, incident in which two witnesses observed a person matching [Kucharski's] description, who appeared intoxicated, stumbling around and entering vehicles parked in a pub parking lot. Police located [Kucharski] a short distance away and smelled a strong smell of alcohol emitting from his person. A 64 GB iPod was located on the ground where [Kucharski] was taken into custody. [Kucharski] stated that it was not his. While at police headquarters, [Kucharski] stated that . . . he is responsible for several other thefts from motor vehicles since January 2013.

[Kucharski] entered an open guilty plea in Lackawanna County Drug Treatment Court on June 24, 2013, and was accepted into the Treatment Court Program. The Lackawanna County Treatment Court Program is a voluntary program. . . . The written plea colloquy completed by defendants entering the treatment court program also specifically advises defendants that if they are terminated from the program, the court will

accept the defendant's guilty plea, enter a verdict of guilty, and sentence the defendant for the offense. The defendant is further advised that he or she can be fined or sentenced to jail for any time up to the maximum for the offense. In this case, [Kucharski] executed a treatment court plea colloquy and was made aware of the provisions of the program.

Subsequently, under docket number CP-35-CR-0000067-2013, [Kucharski] was charged with Theft from a Motor Vehicle in violation of 18 Pa.C.S.A. § 3934(a), Receiving Stolen Property in violation of 18 Pa.C.S.A. § 3925(a), and Loitering and Prowling at Night Time in violation of 18 Pa.C.S.A. § 5506. These charges resulted from an October 9, 2013, incident in which Archbald Police received a phone call that the complainant's son observed an individual going through the complainant's truck and that a $100.00 "winning" lottery ticket was missing in the morning. Complainant called the store the ticket was purchased at and determined the ticket number. Later that day, police received a call from a store that recovered the stolen ticket. The store employee stated that a young man tried to cash the ticket earlier that day and wrote his name on the back, but the store did not have enough money in the drawer to pay out the prize. Later[,] a man came in the store stating that he was the father of the man who tried to cash the stolen ticket and returned it. The name written on the ticket was "Chace Kucharski" – the Appellant. [Kucharski] was known to the officer and the Archbald Police Department from prior offenses. On April 28, 2014, [Kucharski pled] guilty to Theft from a Motor Vehicle and the remaining charges were withdrawn. On July 30, 2013[, Kucharski] was sentenced to eighteen (18) months' probation by the Honorable Vito P. Geroulo.

On June 4, 2015, [Kucharski] was terminated from Drug Treatment Court upon [p]etition of the Commonwealth [because he tested positive for marijuana, alcohol, and other substances and was arrested for theft and other related offenses].

On June 25, 2015, this [c]ourt sentenced [Kucharski] on all criminal dockets to an aggregate term of nineteen (19) to sixty-nine (69) months['] confinement followed by four (4) years['] probation.

Trial Court Opinion, 11/30/15, at 1-4 (some citations omitted).

On June 30, 2015, Kucharski filed a motion for reconsideration of his sentence, which the trial court denied on July 7, 2015. Kucharski filed a timely notice of appeal and court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Kucharski raises the following issues for our review:

1. Whether the lower court erred in terminating [Kucharski] from the Drug Court Program and imposing its sentence?

2. Whether the sentences imposed were inappropriately harsh and excessive and an abuse of discretion?

Brief of Appellant, at 7.

Counsel has filed a petition to withdraw pursuant to *Anders*, *McClendon*, and *Santiago*. "When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Rojas*, 847 A.2d 638, 639 (Pa. Super. 2005). Based upon *Anders* and *McClendon*, counsel seeking to withdraw must: (1) petition the court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support an appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief raising any additional points that the appellant deems worthy of review. *Commonwealth v. Hernandez*, 783 A.2d 784, 786 (Pa. Super. 2001). Additionally, in *Santiago*, our Supreme

Court held that counsel must state the reasons for concluding the client's appeal is frivolous. *Santiago*, 978 A.2d at 361.

Instantly, counsel's petition to withdraw states that she has examined the record and has concluded that the appeal is wholly frivolous. Counsel has also filed a brief in which she repeats the assertion that there are no non-frivolous issues to be raised and indicates the reasons for concluding the appeal is frivolous. Counsel has notified Kucharski of the request to withdraw and has provided Kucharski with a copy of the brief and a letter explaining Kucharski's right to proceed *pro se* or with privately retained counsel regarding any other issues he believes might have merit. Accordingly, we find that counsel has substantially complied with the procedural requirements for withdrawal.

Once counsel has satisfied the above requirements, this Court conducts its own review of the proceedings and renders an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).

Kucharski asserts that the lower court erred by terminating his participation in Drug Treatment Court, arguing that he should have been given a second chance. Nevertheless, the terms of the treatment court plea colloquy and rules of the program made clear that participation could be terminated for violating the rules. Kucharski tested positive for alcohol and drugs and was arrested for theft. These were clear violations of the rules, triggering Kucharski's termination from the program, the entry of guilty

verdicts, and the court imposing its judgment of sentence. Therefore, Kucharski's argument that he was improperly terminated from the drug treatment court program is without merit.

Next, Kucharski argues that the sentence imposed by the trial court is excessive, which presents a challenge to the discretionary aspects of sentencing. An appellant is not entitled to review of the discretionary aspects of sentencing unless he or she satisfies a four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa. Super. 2015) (en banc) (quoting **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa. Super. 2011)).

Here, Kucharski filed a timely notice of appeal, filed a timely motion for reconsideration of sentence, and filed a brief without a fatal defect. However, Kucharski's sentence falls within the statutory guidelines, and he makes only a bald claim that his sentence is excessive. The mere claim that a sentence is excessive, when it is within the statutory limits, does not raise a substantial question. **See Commonwealth v. Coss**, 695 A.2d 831, 833 (Pa. Super. 1997).

Based upon our independent review of the record, we find Kucharski's claims to be meritless and discern no non-frivolous issues overlooked by

counsel.[2]    Therefore, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/26/2016

---

[2] **See Commonwealth v. Flowers**, 113 A.3d 1246, 1249 (Pa. Super. 2015) ("precedent from the Pennsylvania Supreme Court and this Court requires that an independent review of the record include the review of the entire record for any non-frivolous issues.")