J-S60021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
NICOLE MARIE CLELLAND, :
:
Appellant : No. 136 WDA 2017

Appeal from the Judgment of Sentence July 21, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000989-2015,
CP-02-CR-0016877-2014

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY DUBOW, J.: **FILED SEPTEMBER 21, 2017**

Appellant, Nicole Marie Clelland, appeals from the Judgment of

Sentence following her guilty pleas to one count each of Theft, Accidents

Involving Injury/Not Properly Licensed, Simple Assault, and Criminal

Mischief; four counts of Recklessly Endangering Another Person ("REAP");

and two counts of Aggravated Harassment by a Prisoner.[1] We affirm.

We summarize the facts and procedural history as follows. On May

13, 2014, Appellant stole a car from the parking lot of Mercy Hospital in

Pittsburgh, and crashed it into a valet stand and the hospital entrance door,

_____

[1] 18 Pa.C.S. § 3921(a); 75 Pa.C.S. § 3742.1(a); 18 Pa.C.S. § 2701(a)(1);
18 Pa.C.S. § 3304(a)(3); 18 Pa.C.S. § 2705; and 18 Pa.C.S. § 2703.1,
respectively.

_____

* Former Justice specially assigned to the Superior Court.

striking and injuring several people. Police extricated Appellant from the vehicle and transported her to Allegheny County Jail. On June 9, 2014, while incarcerated, Appellant engaged in an altercation at Allegheny County Jail, throwing urine on jail staff.

On February 25, 2016, Appellant entered open guilty pleas to the above charges, after which the court ordered the preparation of a Pre-Sentence Investigation Report.

On July 21, 2016, the court sentenced Appellant to an aggregate term of 9-18 years' imprisonment, comprised of two terms of 2-4 years' imprisonment for each Aggravated Harassment by a Prisoner charge; 18-36 months' imprisonment on the Theft charge; 6-12 months' imprisonment on the Accident Involving Injury/Not Properly Licensed charge; 12-24 months' imprisonment on the Simple Assault charge; and four 6-12 month terms of imprisonment on the REAP charges. The court ordered that all of the sentences run consecutively and that Appellant also serve a term of 3 years' probation, undergo a drug, alcohol, and mental health evaluation, and comply with any recommended treatment. All of Appellant's sentences were within the standard range of the Sentencing Guidelines. That same day, Appellant filed a *pro se* Notice of Appeal.

On July 25, 2016, Appellant's plea counsel filed a Petition for Leave to Withdraw as Counsel. On July 26, 2016, the court appointed appellate counsel.

On November 22, 2016, counsel filed a Petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, seeking the reinstatement of Appellant's right to file a Post-Sentence Motion *nunc pro tunc*. The trial court granted Appellant's Petition, and on January 6, 2017, Appellant filed a Post-Sentence Motion in which she argued that her consecutive sentences were manifestly excessive in light of her mental health problems and her acceptance of responsibility for her crimes. Post-Sentence Motion, 1/6/17, at 4.

On January 17, 2017, the trial court denied Appellant's Post-Sentence Motion. Appellant timely appealed on January 19, 2017. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises one issue in her counseled brief:

Did the trial court err in denying Appellant's Post Sentencing Motions since the trial court abused its discretion in sentencing Appellant to an aggregate sentence of 9-18 years' imprisonment at the instant two cases since the aggregated sentence was manifestly excessive because both sentences at 989-2015 were run consecutively, as were seven sentences at 16877-2014, and the sentences at both CC numbers were run consecutive to one another; the manifestly excessive aggregated sentence was unwarranted since [Appellant] accepted full responsibility for her crimes and pled guilty at both cases, and she suffers from acute mental illness, and housing her in a state prison for 9-18 years will not serve to improve her mental illness and will likely exacerbate it?

Appellant's Brief at 3.

Appellant's claim that her aggregate sentence was manifestly excessive under the circumstances presents a challenge to the discretionary

aspects of her sentence. ***Commonwealth v. Lutes***, 793 A.2d 949, 964 (Pa. Super. 2002) (stating that an assertion that sentence is manifestly excessive challenges the discretionary aspects of sentencing). Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Roberts***, 133 A.3d 759, 774 (Pa. Super. 2016). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." ***Commonwealth v. Tejada***, 107 A.3d 788, 797 (Pa. Super. 2015). The test includes: (1) preserving the issue in the court below; (2) filing a timely Notice of Appeal; (3) including a Pa.R.A.P. 2119(f) Statement; and (4) raising a substantial question for our review. ***Id.*** at 797-98. (citation omitted).

Instantly, Appellant has satisfied the first three requirements. Thus, we must determine whether she has presented a substantial question that her sentence is inappropriate under the Sentencing Code. We find that she has not.

As to whether Appellant has presented a substantial question, we note:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations omitted).

In her Rule 2119(f) Statement, Appellant argues that her consecutive sentences were manifestly excessive[2] in light of her mental health problems, her guilty plea, and her stated desire to improve her life. Appellant's Brief at 13. Notably, Appellant has not claimed that her aggregate sentence is inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

This Court has held that "allegations of an excessive sentence raise a substantial question where the defendant alleges that the sentence violates the requirements and goals of the Code and of the application of the [G]uidelines[]." *Commonwealth v. Fiascki*, 886 A.2d261, 263 (Pa. Super. 2005), *citing* *Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002). A bald allegation of excessiveness will not suffice. *Commonwealth v. Fiascki*, *supra* at 263; *see also Mouzon*, *supra* at 627.

The Sentencing Code gives the sentencing court wide discretion to impose its sentence concurrently or consecutively to other sentences. *Commonwealth v. Johnson*, 961 A.2d 877, 880 (Pa. Super. 2008). *See also* 42 Pa.C.S. § 9721. Generally, a challenge to the exercise of the court's discretion to impose consecutive sentences does not raise a substantial

---

[2] Appellant acknowledges that each of the sentences imposed was within the standard range of the Sentencing Guidelines. Appellant's Brief at 11.

question. ***Commonwealth v. Mastromarino***, 2 A.3d 581, 586-87 (Pa. Super. 2010). However, the imposition of consecutive, rather than concurrent, sentences may raise a substantial question "where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Commonwealth v. Lamonda***, 52 A.3d 365, 372 (Pa. Super. 2012) (citation omitted). Whether a challenge to the court's decision to run sentences consecutively presents a substantial question is dependent upon whether the aggregate sentence appears to be excessive in light of the criminal conduct at issue. ***Mastromarino***, 2 A.3d at 587.

This Court has held that "where the sentencing judge had the benefit of a [Pre-S]entence [I]nvestigation [R]eport, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Boyer***, 856 A.2d 149, 154 (Pa. Super. 2004) (citation omitted). An "allegation that the sentencing court 'failed to consider' or 'did not adequately consider' various factors is, in effect a request that this Court substitute its judgment for that of the lower court in fashioning Appellant's sentence." ***Commonwealth v. Griffin***, 804 A.2d 1, 9 (Pa. Super. 2002) (citation omitted). Additionally, such "an allegation does not raise a substantial question that the sentence imposed was, in fact, inappropriate." ***Id.***

In her Brief to this Court, Appellant acknowledges that the trial court has authority to impose consecutive sentences. Appellant's Brief at 19. However, she argues that her sentences, imposed consecutively, were manifestly excessive because she accepted responsibility for her crimes, entered guilty pleas to the charges she faced, and that serving an "excessive aggravated sentence" will exacerbate her mental illness. *Id.* at 20.

With respect to Appellant's claim that the trial court abused its discretion in ordering her to serve her sentences consecutively, we conclude that Appellant has not presented a substantial question necessitating this Court's review. Appellant has failed to set forth any argument about, or analysis of how, her aggregate sentence was excessive in relation to the nature of her criminal conduct. Rather, she offers only the bald assertion that, "concurrent sentences would have been appropriate, rather than all consecutive sentences." *Id.*

With respect to Appellant's alternate claim that the sentencing court failed to consider mitigating factors such as her troubled youth, mental health issues, and guilty plea, we likewise find that Appellant has failed to raise a substantial question. Appellant's claim does not set forth a plausible argument that her sentence violates a provision of the Sentencing Code or is contrary to the fundamental norms of the sentencing process. *See* *Commonwealth v. Cannon*, 954 A.2d 1222, 1228-29 (Pa. Super. 2008) (finding no substantial question raised by a claim that the trial court failed to

consider adequately the defendant's mitigating factors, such as his rehabilitative needs, age, and educational background); *Commonwealth v. Coss*, 695 A.2d 831, 833-34 (Pa. Super. 1997) (holding that, when the sentence imposed falls within the statutory recommendation, an appellant's claim that a sentence is manifestly excessive fails to raise a substantial question).

Moreover, as noted *supra*, when the sentencing court has the benefit of a Pre-Sentence Investigation Report, we presume it was aware of and considered relevant information regarding mitigating factors. Here, the sentencing court had such a benefit. Additionally, the court explained at the sentencing hearing that, in fashioning Appellant's sentence, it had considered the Sentencing Guidelines, the nature of the charges, the fact of Appellant's guilty plea, the contents of the Pre-Sentence Investigation Report, counsel's arguments, the punitive, deterrent, and rehabilitative aspects of sentencing, Appellant's need for mental health treatment, and Appellant's upbringing. N.T., 7/21/16, at 12. Thus, even if Appellant had presented a substantial question for this Court's review, it would lack merit.

Because Appellant has failed to present a substantial question, this Court has no jurisdiction to review Appellant's challenge to the discretionary aspects of her sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2017