J-S27008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREE MARCE SAUNDERS | : | |
| | : | |
| Appellant | : | No. 956 WDA 2020 |

Appeal from the Judgment of Sentence Entered December 18, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0014353-2017

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED:  January 20, 2022**

Appellant, Tyree Marce Saunders, appeals the December 18, 2019 judgment of sentence imposing an aggregate sentence of seven to fourteen years' incarceration, followed by five years' probation.  We affirm.

The trial court summarized the factual and procedural history as follows:

> [Appellant] was charged with one count of drug delivery resulting in death (18 Pa.C.S.[A.] § 2506(a)); one count of possession with intent to deliver a controlled substance (35 [P.S.] § 780-113(a)(30)); one count of possession of a controlled substance (35 [P.S.] § 780-113(a)(16)); and one count of criminal use of a communication facility (18 Pa.C.S.[A.] § 7512(a)).  The charges stemmed from an incident which began on March 21, 2017, when [Appellant] delivered multiple stamp

---

[*] Retired Senior Judge assigned to the Superior Court.

bags[1] containing fentanyl to the victim[.] The victim ingested the fentanyl and subsequently died on March 22, 2017. The Allegheny County Medical Examiner's Office later performed an autopsy and determined that he died as a result of fentanyl poisoning.

During their investigation into the victim's death, police examined the victim's cell[ular tele]phone and discovered communications between the victim and a contact by the name of "[T]yree." Police subsequently discovered that "[T]yree" was, in fact, [Appellant]. Upon examining the communications between the victim and [Appellant], police learned that the two men [] arranged a drug transaction using [cellular telephone] text messages prior to the victim's death. The victim's girlfriend also identified [Appellant] as a possible suspect and provided police with a photo[graph] of him.

As part of their investigation, police used the victim's [cellular tele]phone to pose as the victim and arrange a controlled drug buy from [Appellant]. When [Appellant] arrived at the prearranged location to conduct the transaction, detectives took him into custody. During a search incident to arrest, police recovered two [ ] bundles of glassine bags containing fentanyl from [Appellant's] coat pocket. Police also discovered that [Appellant] was holding the cell[ular telephone connected to the telephone number used] to arrange the controlled drug buy.

A jury convicted [Appellant] of drug delivery resulting in death, two counts of drug possession, and criminal use of a communication device on September 12, 2019. On December 18, 2019, [the trial] court imposed an aggregate sentence of seven [] to [fourteen] years' incarceration, followed by five [] years' probation in relation to [Appellant's] convictions.[2] On January

_____

[1] The term "stamp bag" is used to identify the common packaging for narcotics. *See Commonwealth v. Luczki*, 212 A.3d 530, 548 (Pa. Super. 2019).

[2] At sentencing, the trial court imposed a term of incarceration at count 1 (drug delivery resulting in death) of 80 to 160 months and at count 5 (criminal use of a communication facility) of six to 12 months. *See* N.T. Sentencing Hearing, 12/18/19, at 10-11. The court ordered that Appellant must serve

*(Footnote Continued Next Page)*

> 23, 2020, [Appellant] filed a post-sentence motion in which he challenged the discretionary aspects of his sentence and asserted that the jury's verdict was against the weight of the evidence. [Appellant's] post-[sentence] motion was [denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(a)[3]] on August 18, 2020[.]

---

these terms of incarceration consecutively. It appears that, within its written order of sentence, the trial court amended the sentence at count 1 to six-and-one-half to 13 years' incarceration, *i.e.*, 78 to 156 months' incarceration, such that the aggregate sentence totaled seven to 14 years' incarceration. **See** Sentence Order, 12/18/19. While a trial court is authorized to modify an order within 30 days of entry, that court must notify the parties of such modification. **See** 42 Pa.C.S.A. § 5505 (stating, "[e]xcept as otherwise provided or prescribed by law, a court **upon notice to the parties** may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.") (emphasis added).

The trial court did not provide notification in the case *sub judice*. The failure to provide notification of a sentencing modification implicates the legality of Appellant's sentence, an issue we may raise *sua sponte*. **See Commonwealth v. Strafford**, 194 A.3d 168, 172 (Pa. Super. 2018) ("This [C]ourt may review issues regarding the legality of sentence *sua sponte*."). Apart from the lack of notification, Appellant's amended sentence is otherwise lawful. Moreover, the record reflects that all parties were aware of the modification as Appellant, the Commonwealth, and the trial court rely upon the sentence as articulated within the written sentencing order. The modification inures to the benefit of Appellant, and the Commonwealth does not take issue with the modification. Accordingly, we find that the interests of justice are best served in the case *sub judice* by declining to remand for resentencing based solely upon the failure to notify the parties of modification. Herein, we will refer to the sentences as articulated within the sentence order. **See Commonwealth v. Borrin**, 80 A.3d 1219, 1226 (Pa. 2013) (determining that a legal sentencing order controls over the oral statements of the sentencing court).

[3] Rule 720(B)(3)(a) states that if a trial court fails to decide a post-sentence motion within 120 days of its filing, or grant an extension (which was not the case here), then the post-sentence motion is deemed denied by operation of law. Pa.R.Crim.P. 720(B)(3)(a).

J-S27008-21

Trial Court Opinion, 2/23/21, at 2-3 (extraneous capitalization omitted). This appeal followed.[4]

Appellant raises the following issues for our review:

[1.] Were the [convictions] against the weight of the evidence because the testimony of [a Commonwealth witness] was not credible, there was no reliable evidence that [Appellant] delivered the drugs that killed [the victim], and the inculpatory statement was wholly unreliable?

[2.] Did the trial court abuse[] its discretion when it imposed a manifestly excessive and unreasonable sentence that double counted factors from the guidelines[,] failed to properly consider all of the relevant sentencing criteria under 42 Pa.C.S.A. § 9721(b)[,] and did not place adequate reasons on the record for the sentence imposed or state the permissible range of sentences?

Appellant's Brief at 5 (reordered for ease of disposition; extraneous capitalization omitted).

Appellant's first issue raises a weight of the evidence claim.[5] *Id.* at 36-43. Appellant argues that the Commonwealth witness's testimony was not credible because she was a drug user who had motive to lie, and impeachment testimony established she did, in fact, lie in providing her testimony at trial.

_____

[4] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

[5] The fact that Appellant's post-sentence motion was denied by operation of law, pursuant to Rule 720(B)(3)(a), does not preclude our review of his weight of the evidence claim. *See Commonwealth v. Upshur*, 764 A.2d 69, 73 (Pa. Super. 2000) (stating that a weight claim may be reviewed on appeal despite the claim's denial by operation of law because "the effect of the denial operates in the same manner as if the [trial] court had denied the motion itself").

*Id.* at 36-40.  Further, he contends that no reliable evidence established that Appellant delivered the drugs that caused the victim's death because there were no eyewitnesses, the cellular telephone text messages did not confirm delivery, and multiple drug dealers were selling the same stamp bags labelled "NBA Finals."  *Id.* at 40-42.[6]  Finally, Appellant claims that [a police detective's] testimony regarding Appellant's inculpatory statement was unreliable because Appellant did not sign a written *Miranda*[7] waiver prior to making any statement to the detective, the alleged inculpatory statement was not recorded, and the alleged inculpatory statement was not disclosed in pre-trial discovery.  *Id.* at 42-43.  For these three reasons, Appellant argues

---

[6] To the extent that Appellant's argument raises concerns as to the sufficiency of the evidence regarding the element of delivery, a claim Appellant raised in his Rule 1925(b) concise statement, Appellant waived such a claim before this Court.  *See Commonwealth v. Heggins*, 809 A.2d 908, 912 n.2 (Pa. Super. 2002) (stating, "an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived"); *see also* Pa.R.A.P. 2119(a) (requiring an appellate brief to contain argument on each issue raised with citation of authorities as deemed pertinent).

Even if Appellant properly framed his argument as a sufficiency claim, it would not warrant relief.  It is well-established that the Commonwealth may sustain its burden of proof by means of wholly circumstantial evidence.  *Commonwealth v. Edwards*, 229 A.3d 298, 305 (Pa. Super. 2020).  Moreover, by arguing a weight of the evidence claim, Appellant concedes that the Commonwealth produced sufficient evidence of each element of the crime.  *Id.* at 306.

[7] *Miranda v. Arizona*, 384 U.S. 436 (1966).

that "the evidence of guilt was utterly weak and inconclusive" and that its

convictions should be vacated and a new trial granted. *Id.* at 43.

Our standard of review in a weight of the evidence claim is well-settled.

A motion for a new trial based on a claim that the [jury] verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the [trial court] on the same facts would have arrived at a different conclusion. When a trial court considers a motion for a new trial based upon a weight of the evidence claim, the trial court may award relief only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice, and the award of a new trial is imperative so that right may be given another opportunity to prevail. The inquiry is not the same for an appellate court. Rather, when an appellate court reviews a weight claim, the [appellate] court is reviewing the exercise of discretion by the trial court, not the underlying question of whether the verdict was against the weight of the evidence. The appellate court reviews a weight claim using an abuse of discretion standard.

At trial, the jury was the ultimate fact-finder and the sole arbiter of the credibility of each of the witnesses. Issues of witness credibility include questions of inconsistent testimony and improper motive. A jury is entitled to resolve any inconsistencies in the Commonwealth's evidence in the manner that it sees fit.

*Commonwealth v. Jacoby*, 170 A.3d 1065, 1080 (Pa. 2017) (citations and

quotations omitted). "[T]he trier of fact, in passing upon the credibility of

witnesses, is free to believe all, part, or none of the evidence." *Id.*, *quoting*

*Commonwealth v. Rivera*, 983 A.2d 1211, 1220 (Pa. 2009).

In its Rule 1925(a) opinion, the trial court set forth the evidence elicited

during Appellant's jury trial. The trial court explained,

In the instant matter, the Commonwealth proved – to the jury's satisfaction – that [Appellant] delivered fentanyl to the victim, which ultimately caused the victim's death. The Commonwealth

presented evidence establishing that [Appellant] arranged a drug transaction with police detectives the day after the victim fatally overdosed using the same cell[ular tele]phone he []used to arrange the drug transaction with the victim. In addition, police detectives testified that, when [Appellant] arrived at the victim's place of employment to conduct the controlled drug buy, he was arrested and found to be in possession of fentanyl and the cell[ular tele]phone that had been used to conduct both the March 21, 2017[] drug transaction with the victim and the subsequent transaction with police. Lastly, when [Appellant] was arrested, he admitted to police that he had delivered the stamp bags containing fentanyl to the victim.

Trial Court Opinion, 2/23/21, at 5-6 (extraneous capitalization omitted). The trial court concluded that Appellant was not entitled to a new trial on his weight of the evidence claim because it was within the province of the jury as fact-finder to determine the weight and credibility afforded to the testimony and evidence presented at trial and to believe all, part, or none of it in reaching its verdict. *Id.* at 10-11. Thus, the trial court did not find that the verdict "shocked one's sense of justice." *Jacoby*, *supra*.

Upon review, we discern no abuse of discretion in the denial of Appellant's weight of the evidence claim. Appellant's challenges to the credibility and reliability of the evidence require this Court to step into the shoes of the jury, as fact-finder, to reassess and reweigh the evidence in favor of Appellant. This is not the role and function of this Court on review. *See Commonwealth v. Clay*, 64 A.3d 1049, 1056 (Pa. 2013) (stating, it is inappropriate for an appellate court to "revisit[] the underlying question of whether the verdict was against the weight of the evidence"); *see also Commonwealth v. Delmonico*, 251 A.3d 829, 837 (Pa. Super. 2021)

- 7 -

(stating, "[i]t is well-settled that we cannot substitute our judgment for that of the trier of fact."). Consequently, Appellant is not entitled to relief.

Appellant's second issue, arguing that the trial court abused its discretion by imposing a manifestly excessive and unreasonable sentence, implicates the discretionary aspects of sentencing. Appellant's Brief at 5. When an appellant challenges the discretionary aspects of a sentence, the right to appeal is not absolute. *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Instead, before this Court can address the merits of such a challenge, we must determine whether the appellant invoked this Court's jurisdiction by satisfying a four-part test. *See Commonwealth v. Luketic*, 162 A.3d 1149, 1159-1160 (Pa. Super. 2017) (stating, "[o]nly if the appeal satisfies these requirements may we proceed to decide the substantive merits of [an a]ppellant's claim").

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citations omitted).

In the instant case, Appellant filed a timely notice of appeal, properly preserved his claims by filing a post-sentence motion, and included a Rule 2119(f) statement in his brief. *See* Appellant's Brief at 16-19. Thus, we

- 8 -

examine whether he raised a substantial question. A substantial question is raised by demonstrating that the trial court's actions were inconsistent with the Sentencing Code or contrary to a fundamental norm underlying the sentencing process. *Commonwealth v. Bonner*, 135 A.3d 592, 603 (Pa. Super. 2016). Whether an appellant raises a substantial question on appeal is evaluated on a case-by-case basis. *Id.* This Court will not look beyond the statement of questions presented and the Rule 2119(f) statement to determine whether a substantial question exists. *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018).

Here, Appellant argues that the trial court imposed a manifestly excessive sentence because the trial court: (1) impermissibly double counted a factor already implicit in the sentencing guidelines; (2) placed insufficient reasons on the record for imposing the sentence where the only reference was to the gravity of the offense; and (3) failed to properly consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b) or any mitigating evidence when imposing the sentence. Appellant's Brief at 17-18.

A substantial question is presented where an appellant argues that the trial court imposed a manifestly excessive sentence by focusing solely on the gravity of the crime. *See Commonwealth v. Boyer*, 856 A.2d 149, 152 (Pa. Super. 2004). Moreover, an averment that a trial court impermissibly relied on factors already taken into account within the sentencing guidelines raises a substantial question. *Commonwealth v. Clemat*, 218 A.3d 944, 959 (Pa.

Super. 2019); *see also Commonwealth v. Goggins*, 748 A.2d 721, 731-732 (Pa. Super. 2000) (*en banc*). Here, Appellant argues that the trial court, in imposing its sentence, considered factors already implicit in the sentencing guidelines and focused solely on the gravity of the offenses. Therefore, Appellant raised a substantial question. Thus, we proceed to the merits of Appellant's claims.

> Sentencing is a matter vested in the sound discretion of the [trial court], and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the [trial] court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill[ ]will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Blount*, 207 A.3d 925, 934-935 (Pa. Super. 2019) (citation omitted), *appeal denied*, 218 A.3d 1198 (Pa. 2019).

When this Court reviews the discretionary aspects of a sentence, its analysis is governed by Sections 9781 of the Pennsylvania Sentencing Code. Section 9781, in pertinent part, states:

**§ 9781. Appellate review of sentence**

. . .

**(c) Determination on appeal.**--The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

**(d) Review of record.**--In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(c) and (d). Appellant's aggregate sentence of seven to fourteen years' imprisonment to be followed by a five-year period of probation falls within the sentencing guidelines;[8] therefore, we may vacate and remand only if the sentence is clearly unreasonable. *See* 42 Pa.C.S.A. § 9781(c)(2).

Appellant argues that his sentence is manifestly excessive because the trial court impermissibly double counted factors when it focused on the lethal

---

[8] Appellant's assertion that the **maximum** sentences imposed for his convictions at count 1 and count 5 were outside of, or at the top of, the aggravated range for sentencing purposes, *see* Appellant's Brief at 21, ignores that "the sentencing guidelines provide for **minimum** and not maximum sentences." *Boyer*, 856 A.2d at 153 (emphasis added). Here, Appellant's **minimum** sentences for his convictions at count 1 and count 5 were six-and-one-half years' incarceration and six months' incarceration, respectively. *See* Order of Sentence, 12/18/19. Appellant concedes that these minimum sentences are within the standard range for each count. Appellant's Brief at 21. Moreover, the trial court may impose the sentences that are set to run consecutively or concurrently. 42 Pa.C.S.A. § 9721(a).

nature of fentanyl because the lethal nature of the drug is already factored into the sentencing guidelines as an element of his drug delivery **resulting in death** conviction. Appellant's Brief at 24-25 (emphasis added). Appellant further argues that the trial court focused solely on the gravity of the offense – *i.e.*, the lethal nature of fentanyl – such that it placed insufficient reasons on the record and inadequately considered the sentencing factors, including mitigating evidence. *Id.* at 30-33. Appellant's arguments are unavailing.

Appellant fails to demonstrate that the trial court's sentence was clearly unreasonable. "[W]here a sentence is within the standard range of the [sentencing] guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010). Moreover, a trial court, in imposing its sentence, may consider factors already included in the sentencing guidelines so long as those factors are not "the sole reason for increasing or decreasing a sentence **to the aggravated or mitigated range**. *Commonwealth v. Simpson*, 829 A.2d 334, 339 (Pa. Super. 2003) (emphasis added) (stating that, a trial court may consider factors already included in the guidelines if "they are used to supplement other extraneous sentencing information"). The standard sentencing range for the offense of drug delivery resulting in death is 60 to 78 months' incarceration. The trial court imposed a minimum sentence of 78 months' incarceration. The standard range for criminal use of a communication facility is restorative sanctions to nine months' incarceration.

The trial court imposed a minimum sentence of six months' incarceration. Therefore, Appellant's sentences on count 1 and count 5 were within the standard range of the sentencing guidelines and, thus, were not clearly unreasonable. **See Commonwealth v. Coss**, 695 A.2d 831, 833-834 (Pa. Super. 1997) (sentence is not inappropriate or excessive where the sentence is within the standard range of the applicable guidelines).

Moreover, the trial court properly considered the relevant factors including mitigating evidence. First, the record reveals that, at sentencing, the trial court benefited from defense counsel's arguments, a statement from the victim's mother, Appellant's statement by way of allocution, two pre-sentence investigation ("PSI") reports, and the applicable guidelines. **See** N.T. Sentencing Hearing, 12/18/19, at 2-9. The trial court indicated that it reviewed the PSI reports and the applicable guidelines. It further balanced Appellant's lack of a criminal record against his actions of dealing a drug he knew was dangerous when imposing Appellant's standard range sentence. **Id.** at 9-10 (emphasis added).[9] Thus, the trial court's reasoning was proper and did not consider a factor already included in the sentencing guidelines as "the

_____

[9] The trial court, after noting it reviewed two PSI reports and the applicable guidelines, explained:

> It's clear that you have no prior criminal record. It is also clear you were dealing a drug, with common knowledge, that has the ability to cause death or serious bodily injury to someone. You weren't dealing marijuana. You were dealing fentanyl.

N.T. Sentencing Hearing, 12/18/19, at 9-10.

sole reason for increasing or decreasing a sentence to the aggravated or mitigated range." *Simpson*, *supra*.

Moreover, by indicating on the record that it possessed and reviewed the PSI reports, the trial court satisfied its requirement of stating its reasons for the sentences on the record. *Commonwealth v. Leatherby*, 116 A.3d 72, 83-84 (Pa. Super. 2015) (holding that, when the trial court possesses a PSI report, we presume it "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors"); *see also Boyer*, 856 A.2d at 154 (stating that, a trial court's indication that it reviewed PSI report satisfies the requirement of stating its reasoning on the record). Thus, the trial court satisfied the requirement that it place its reasoning on the record and did not abuse its discretion in imposing Appellant's standard range sentence. *See Leatherby*, 116 A.3d at 84 (stating, "[h]aving been fully informed by the [PSI] report, the [trial] court's discretion should not be disturbed").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2022

- 14 -