**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANKIE ROSADO | : | |
| | : | |
| Appellant | : | No. 3160 EDA 2017 |

Appeal from the Judgment of Sentence August 22, 2012
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000018-2012

BEFORE:    SHOGAN, J., NICHOLS, J., and PLATT, J.[*]

MEMORANDUM BY NICHOLS, J.:                          **FILED MAY 22, 2018**

Appellant Frankie Rosado appeals from the judgment of sentence entered August 22, 2012, following his convictions for indecent sexual assault, unlawful contact with a minor, and corruption of a minor.[1]  Appellant asserts that his sentence is excessive and that his conviction is against the weight of the evidence.  We affirm.

The trial court summarized the relevant facts of this matter as follows:

Appellant was convicted of having improper sexual contact with a seventeen[-]year-old girl [(Victim)] on two separate occasions.  At the time the unlawful contact occurred, Appellant was engaged in a romantic relationship with the [Victim's] mother and was living with [Victim] and her mother.  On the first occasion, Appellant got into bed with [Victim] and began rubbing her sides.  [Victim] woke

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3126(a)(1), 6318(a)(1), and 6301(a)(1)(i), respectively.

up and told Appellant to stop and to never touch her again. On the second occasion, [Victim] had fallen asleep on the living room couch [after Appellant told her to turn off the lantern she was using since there was no electricity in the house. Victim] was awakened by Appellant rubbing her breasts and buttocks. She told Appellant to stop touching her. [Victim's] mother came from the bedroom she shared with Appellant and found him on the couch with her daughter.

Trial Ct. Op., 11/20/12, at 1-2.

A jury convicted Appellant on May 9, 2012, of the aforementioned charges. On August 22, 2012, Appellant was sentenced to twenty-one to seventy-two months of incarceration for unlawful contact with a minor and twelve to twenty-four months of incarceration for indecent assault. Appellant was sentenced to serve these sentences consecutively, resulting in an aggregate sentence of thirty-three to ninety-six months of incarceration.[2]

Appellant filed a direct appeal, in which this Court affirmed his judgment of sentence on July 23, 2013. *See Commonwealth v. Rosado*, 2754 EDA 2012 (Pa. Super. filed July 23, 2013) (unpublished mem.). Thereafter, Appellant sought post-conviction relief under the Post Conviction Relief Act (PCRA),[3] seeking leave to file a *nunc pro tunc* direct appeal based upon the

_____

[2] Appellant was found not to be a sexually violent predator (SVP). Although not an SVP, Appellant's plea subjected him to sexual offender registration requirements. The trial court at sentencing apprised Appellant that he was subject to a ten-year sexual offender's registration period under 42 Pa.C.S. § 9795.1, which was then in effect, but that his registration requirements could change when 42 Pa.C.S. §§ 9799.14-9799.15 became effective on December 20, 2012. *See* N.T. Sentencing, 8/22/12, at 21. Appellant does not challenge the registration requirement.

[3] 42 Pa.C.S. §§ 9541-9546.

ineffectiveness of appellate counsel. The PCRA court denied Appellant's petition, and this Court affirmed on April 17, 2015. *See Commonwealth v. Rosado*, 2474 EDA 2014 (Pa. Super. filed Apr. 17, 2015) (unpublished mem.).

The Pennsylvania Supreme Court granted allowance of appeal and found that appellate counsel's errors precluded litigation of Appellant's direct appeal. *Commonwealth v. Rosado*, 150 A.3d 425, 435 (Pa. 2016). On this basis, the Supreme Court remanded the matter to this Court. *Id.* In turn, this Court remanded the matter to the trial court to permit Appellant to file post-sentence motions *nunc pro tunc*. *See Commonwealth v. Rosado*, 2474 EDA 2014 (Pa. Super. filed Jan. 19, 2017) (unpublished mem.).

Subsequently, Appellant filed *nunc pro tunc* post-sentence motions asserting that his sentence was excessive and that the verdict was against the weight of the evidence. Following a hearing and the filing of related briefs, the post-sentence motions were denied by an order dated September 1, 2017.

Appellant timely filed a notice of appeal. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days of the date of its order of September 28, 2017. Accordingly, Appellant had until October 19, 2017, to file a timely statement. However, Appellant's statement was not filed until October 20, 2017. Thus, Appellant's rule 1925(b) statement was untimely.

Pursuant to *Commonwealth v. Burton*, 973 A.2d 428 (Pa. Super. 2009), the late filing of a rule 1925(b) statement is *per se* ineffectiveness of counsel. *Id.* at 433; *see also* Pa.R.A.P. 1925(c)(3). Nevertheless, a remand

is not necessary here since "the trial court has filed an opinion addressing the issue[s] presented in [Appellant's] 1925(b) concise statement." **Burton**, 973 A.2d at 433. Thus, we consider the merits of the issues presented on appeal.

Appellant raises the following questions for our review:

1. Did the trial court err and abuse its discretion by giving [Appellant] a sentence that was excessive and not in line with the Pennsylvania sentencing guidelines?

2. Did the trial court err and abuse its discretion by not finding that the jury verdict was contrary to the weight of the evidence such that [Appellant] is entitled to a new trial?

Appellant's Brief at 8 (full capitalization omitted).

In his first issue, Appellant asserts that the trial court ordered him to serve an excessive sentence even though his overall sentence is within the sentencing guideline range. Appellant asserts excessiveness on the basis that the sentencing court ordered him to serve his sentences for each conviction consecutively. **Id.** at 16. Although not specifically noted in his question presented, Appellant also asserts in the argument section of his appellate brief that the sentencing court failed to place its reasons for his sentence on the record. **See id.**

Appellant's issue implicates the discretionary aspects of his sentence. It is well-settled that a challenge to the discretionary aspects of sentencing is not reviewable as a matter of right. **Commonwealth v. Coss**, 695 A.2d 831, 834 (Pa. Super. 1997). Before reaching the merits of a discretionary aspects of sentencing issue, this Court must determine whether the appellant: (1) preserved the issue either by raising it at the time of sentencing or in a post-

sentence motion; (2) filed a timely notice of appeal; (3) set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) raises a substantial question for our review. **Commonwealth v. Dunphy**, 20 A.3d 1215, 1220 (Pa. Super. 2011).

Here, Appellant filed a timely notice of appeal and preserved the issue in a post-sentence motion. Although Appellant's brief does not contain a Rule 2119(f) statement, the Commonwealth did not object. **See Commonwealth v. Anderson**, 830 A.2d 1013, 1017 (Pa. Super. 2003) (finding that when an appellant fails to include a Rule 2119(f) statement in an appellate brief, and the Commonwealth has not objected, this Court can overlook the omission and review the issue if a substantial question is evident from appellant's brief). Therefore, we proceed to determine whether Appellant has raised a substantial question.

"The determination of whether a substantial question exists must be determined on a case-by-case basis." **Commonwealth v. Hartman**, 908 A.2d 316, 320 (Pa. Super. 2006) (citation omitted). This Court has explained that: "[a] substantial question exists where an appellant advances a colorable argument that the sentencing judge's actions [were] either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** (citation omitted).

Appellant argues that his overall sentence is excessive because he was ordered to serve the sentences consecutively despite the fact that the two

- 5 -

instances of criminal behavior involved the same victim. Appellant's Brief at 16. Ordinarily, this would not qualify as a substantial question. *See Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005) (finding that complaint of the imposition of consecutive rather than concurrent sentences does not raise a substantial question); *see also Commonwealth v. Perry*, 883 A.2d 599, 603 (Pa. Super. 2005) ("In imposing sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." (citation omitted)).

Here, however, since Appellant's excessiveness argument is coupled with the assertion that the sentencing court failed to place its reasons for his sentence on the record, Appellant has raised a substantial question. *See Coss*, 695 A.2d at 834 (holding that review of appellant's claim was necessary, "[a]lthough a claim that the trial court failed to provide reasons for its sentence technically involves the discretionary aspects of sentencing, [since] the trial court has no discretion in determining whether or not to place such reasons on the record." Instead, the Sentencing Code dictates that "[i]n every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." (citations and quotation marks omitted)). Therefore, we conclude that Appellant's claim constitutes a substantial question for our review.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Id***. (citing ***Commonwealth v. Walls***, 926 A.2d 957 (Pa. 2007)).

"When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002) (citation omitted). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Id.*** Additionally, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Crump***, 995 A.2d at 1283 (citation omitted).

This Court may not reweigh the factors considered by the trial court when imposing sentence. ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009) (citation omitted). Where the trial court is informed by a pre-sentence investigation (PSI), we presume "that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."

***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted).

Here, Appellant's consecutive sentences are within the standard range of the sentencing guidelines, albeit at the upper end of the range. Therefore, we may only reverse the trial court if we find that the circumstances of the case rendered the application of the guidelines "clearly unreasonable." 42 Pa.C.S. § 9781(c). Our review of the reasonableness is based upon the factors contained in 42 Pa.C.S. § 9781(d), and the trial court's consideration of the general sentencing standards contained in 42 Pa.C.S. § 9721(b).[4] ***See Commonwealth v. Baker***, 72 A.3d 652, 663 (Pa. Super. 2013).

_____

[4] Section 9721(b) states that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

Section 9781(d) provides:

> In reviewing the record, the appellate court shall have regard for:
>
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

Appellant's claim that the trial court failed to include its reasons on the record for imposing the particular sentence it chose is inaccurate. At sentencing, the trial court stated:

> In imposing the sentence that you are about to hear I have considered the content of the pre-sentence investigation report that you've heard everyone talk about. I have also considered the content of the sexual offender board assessment and evaluation that was performed. I will note for the record that that evaluation found or determined that [Appellant], at least in the evaluator's determination, did not meet the criteria to be determined to be a sexually violent predator. However, there was some very enlightening information and analyses in that report including, but not limited to, the fact that what you did was predatory in nature, and very significantly, that you had not stopped that predatory conduct even when the young [V]ictim had repeatedly asked you to stop.
>
> I also have considered the facts of this case that are clear from the record and file of this court and those that were presented during the trial over which I presided.
>
> Finally, I have considered the applicable sentencing laws, rules and regulations of both the United States and of Pennsylvania.
>
> So, here's what I think. This was a very difficult and very significant ordeal for [Victim] and her mother. Whether or not you believe that they testified truthfully or not, there was a jury of your peers who did and found obviously that they were credible because you were convicted.
>
> I heard the testimony and I thought they were credible as well.
>
> What you did I think was predatory in every sense of that term, both in terms of our sex offense laws and in the common usage of that term.
>
> The rest is already laid out in the pre-sentence investigation report and [the Commonwealth] has indicated you've been arrested 13 times, you have 10 convictions. Significantly, many of the tools that we have in the juvenile and criminal justice systems and our penal systems have been tried -- everything from probation and treating some things as a summary to some periods of

incarceration. There's absolutely nothing that has stopped your criminal behavior. This is not something that you can simply say I have a mental health diagnosis and that explains everything. And certainly, had that been a problem for you somewhere in the last 2 1/2 to 3 years since you've been off your meds, you would have asked someone to help you get back on them.

So while I acknowledge the mental health issues, I do not believe they excuse the behavior in this case. They are certainly not a defense to the behavior in this case and I think what you do is something that's very heinous and that has adversely affected a young lady obviously in very bad ways.

I understand everything that's in this report. I do agree that the recommendation [of two to five years' incarceration] is not sufficient for this case, so I am going to impose under the first count a sentence of 21 to 72 months, and in the second a sentence of 12 to 24 for a total of 33 to 96 months.

N.T. Sentencing, 8/22/12, at 13-15.

Our review of the record in light of section 9781(d) reveals that the trial court gave due consideration to the relevant sentencing factors, including Appellant's mental health history, as well as the sentencing guidelines and the contents of the PSI. Moreover, we discern no basis to conclude that the court's decision to sentence Appellant to serve his sentences consecutively was "clearly unreasonable." *See* 42 Pa.C.S. § 9781(c); *Baker*, 72 A.3d at 663; *Perry*, 883 A.2d at 603.

Appellant next argues that "the findings of guilt are in direct contravention to the weight and sufficiency of the evidence in that the evidence did not establish beyond a reasonable doubt that [Appellant] engaged in conduct that violated the three enumerated offenses with which he was [convicted]." Appellant's Brief at 17. We are constrained to find

Appellant's challenges to the sufficiency and the weight of the evidence waived.

Appellant's Rule 1925(b) statement asserted, in relevant part, that "[t]he trial court erred and abused its discretion by not finding that the jury verdict was contrary to the weight of the evidence such that [Appellant] is entitled to a new trial." Concise Statement of Matters Complained of on Appeal, 10/20/17. Thus, although Appellant presented a challenge to the weight of the evidence in his Rule 1925(b) statement, he did not contest the Commonwealth's failure to prove any specific element of the offenses of which he was convicted or otherwise suggest a challenge to the sufficiency of the evidence.

However, the argument developed in Appellant's brief presents only a challenge to the sufficiency of the evidence, not the weight of the evidence. "The distinction between these two challenges is critical." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000).

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no

- 11 -

obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Id.* at 751-52 (citations, footnote, and quotation marks omitted).

In his brief, Appellant cites the elements required to prove unlawful contact with a minor[5] and then argues that "the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] unlawfully communicated with [Victim] for the purpose of engaging in any prohibited sexual acts with a minor." Appellant's Brief at 19. As noted in **Widmer**, evidence is deemed sufficient where each element of a crime is established as being committed by

---

[5] A person commits the offense of unlawful contact with a minor

> if he is intentionally in contact with a minor . . . for the purpose of engaging in activity prohibited under . . . Chapter 31 (relating to sexual offenses). 18 Pa.C.S.A. § 6318(a)(1). This Court has previously elaborated on the crime of unlawful contact, explaining, [unlawful contact with a minor] is best understood as unlawful communication with a minor.

**Commonwealth v. Leatherby**, 116 A.3d 73, 79 (Pa. Super. 2015) (citations and quotation marks omitted).

a defendant beyond a reasonable doubt. **Widmer**, 744 A.2d at 751. Accordingly, this challenge goes to the sufficiency, rather than the weight, of the evidence. **See id.**

Similarly, as to Appellant's conviction for indecent assault, he provides the elements of the crime[6] and argues that "[Appellant] must bring about this contact for the purpose of arousing or gratifying [his or her] own or the victim's sexual desire[, and t]his was not proven beyond a reasonable doubt." Appellant's Brief at 27. Accordingly, this challenge also goes to the sufficiency of the evidence. **See Widmer**, 744 A.2d at 751.

Because a challenge to the sufficiency of the evidence was not preserved in Appellant's concise statement filed pursuant to Rule 1925(b), we are constrained to find it waived. **See Commonwealth v. Barnhart**, 933 A.2d 1061, 1066 n.10 (Pa. Super. 2007) (indicating that an appellant's failure to include an issue in a Pa.R.A.P. 1925(b) statement results in waiver of the issue (citation omitted)). Moreover, because Appellant has not framed an

_____

[6] As to indecent assault, a person commits an offense

if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and . . . the person does so without the complainant's consent.

18 Pa.C.S. § 3126(a)(1).

appropriate argument regarding the trial court's discretion when denying his post-sentence motion for a new trial, we may not consider Appellant's arguments as a challenge to the weight of the evidence. ***See Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

Judgment of sentence affirmed.

Judge Shogan joins in this memorandum.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/18