J-A14015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOUIS SCOTT ANDERSON | : | |
| | : | |
| Appellant | : | No. 1314 WDA 2020 |

Appeal from the Judgment of Sentence Entered November 16, 2020
In the Court of Common Pleas of Venango County Criminal Division
at No(s): CP-61-CR-0000087-2018

BEFORE: MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.: **FILED: JULY 8, 2021**

Louis Scott Anderson (Appellant) appeals from the judgment of sentence imposed after his revocation hearing and resentencing. We affirm.

On October 19, 2018, a jury convicted Appellant of illegally dumping methamphetamine waste.[1] Because Appellant had been incarcerated for 321 days and exhibited "positive conduct," the trial court, on December 4, 2018, imposed a mitigated range sentence of 12 months less one day to 24 months less one day. Appellant was paroled several weeks later, on January 24, 2019.

However,

> On August 7, 2020, the Commonwealth filed a Petition to Revoke Probation/Parole . . . alleging [Appellant] violated the conditions of his probation in this matter and his conditions of parole in another matter as set forth in PBPP's Notice of Charges. In the Notice of Charges, PBPP alleged [Appellant] had violated

---

[1] 35 Pa.C.S.A. § 780-113.4(b)(1).

Condition 1 of his probation by traveling out-of-county and out-of-state without authorization; that he had violated Condition 3A by failing to report, failing to follow instructions from his PO, and failing to furnish a urine sample as directed, that he had violated Condition 5C by engaging in assaultive behavior, for which he was cited by PSP-Meadville; that he had violated Condition 8 by disregarding his curfew; and that [Appellant] had been using illegal substances despite numerous denials. In the Summary of Adjustments, the supervising parole officer went on to describe [Appellant's] acclimation to supervision to be "very poor" and to describe [Appellant] as "very demeaning" and generally uncooperative and "extremely resistant" to the conditions of his supervision.

The [c]ourt scheduled a revocation hearing for September 3, 2020. On September 1, 2020, [Appellant] filed a waiver of his Gagnon I hearing and stipulated to the violations as charged, with the exception of the violation of Condition 5C. On October 2, 2020, the [c]ourt issued an order revoking [Appellant's] supervision, scheduling him for resentencing on November 16, 2020, and directing PBPP to prepare a pre-sentence investigation report (PSI).

Trial Court Opinion, 1/6/21, at 1-2 (footnotes omitted).

At resentencing, counsel appeared in person and Appellant appeared by video. N.T., 11/16/20, at 13. Appellant's counsel advised the court that he had reviewed the pre-sentence investigation (PSI) report with Appellant, and "based on the conversation . . . there were no changes or modifications." *Id.* Appellant's counsel referenced Appellant's "positive attitude" and alleged that Appellant was amenable to supervision. *Id.* at 16-17.

On the other hand, the Commonwealth stated the PSI did "not paint a pretty picture," and advocated for a state sentence because Appellant would "not submit to authority." *Id.* at 15-16.

- 2 -

Appellant addressed the court; he denied getting in trouble and stated he mistakenly believed his parole had ended. N.T., 11/16/20, at 17-18. He also stated "everyone is out to get me." *Id.*

After hearing from counsel and Appellant, the court resentenced Appellant to 36 to 72 months of incarceration, with credit for 420 days served. The court read the sentence on the record, adding:

> The court is imposing total confinement because [Appellant] has repeatedly and significantly violated the conditions of supervision.
>
> [The c]onduct of [Appellant] indicates [Appellant] will commit another crime if not imprisoned.
>
> The sentence of imprisonment is essential to vindicate the authority of the [c]ourt.
>
> Any lesser sentence would depreciate the seriousness of the offense.

N.T., 11/16/20, at 22. The court included the above language in the written sentencing order. *See* Order, 11/16/20, at 2-3.

Appellant filed a motion for modification of sentence on November 24, 2020, which the court denied the next day. Appellant timely appealed. Both the trial court and Appellant complied with *Pa.R.A.P. 1925*. Appellant presents the following issue for review:

> THE SENTENCE IN THIS CASE WAS MANIFESTLY EXCESSIVE AND CLEARLY UNREASONABLE, AND THE COURT ABUSED ITS DISCRETION IN ENTERING IT, AS THE SENTENCE WAS NOT INDIVIDUALIZED AS REQUIRED BY LAW AND DID NOT TAKE INTO ACCOUNT THE FACT THAT THIS WAS [APPELLANT]'S FIRST VIOLATION AND THAT THE VIOLATIONS IN THIS CASE WERE TECHNICAL.

Appellant's Brief at 2.

Appellant challenges the discretionary aspects of his sentence. Although he concedes his sentence "is within the guidelines," he argues it is excessive because "a lighter sentence would have saved [*sic*] the same purpose." Appellant's Brief at 5-6.

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." ***Commonwealth v. Hoover***, 909 A.2d 321, 322 (Pa. Super. 2006). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa. Super. 2001).

Moreover, challenges to the discretionary aspects of sentencing do not "entitle an appellant to review as of right." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted). An appellant must first satisfy four requirements before we will review the discretionary aspect of a sentence:

> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

*Id.* (citation omitted).

Appellant filed a timely appeal, preserved his issue in his post-sentence motion for modification, and included in his brief a statement pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 3-5. As to a substantial question, an appellant raises a "substantial question" when he "**sets forth a plausible argument** that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted) (emphasis added). This Court has no jurisdiction where an appellant's Rule 2119(f) statement fails to raise "a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a 'fundamental norm' of the sentencing process." *Commonwealth v. Coulverson*, 34 A.3d 135, 142 (Pa. Super. 2011) (citations omitted).

Appellant claims he has raised a substantial question because the "fundamental norm violated was that the sentence was manifestly excessive in that it was not individualized. The specific portion of the Code violated was 42 Pa.C.S. § 9781, which requires that a sentence not be clearly unreasonable." Appellant's Brief at 3-4. Appellant states, "since the violation in question was his first violation and since the underlying violations that were admitted to by [Appellant] were technical violations only, the [c]ourt clearly failed to take into account [Appellant's] character, rehabilitative needs and

the minor gravity of the violations." *Id.* 4-5. This argument is not plausible or accurate. Upon review, we agree with the trial court and the Commonwealth that Appellant has failed to raise a substantial question. *See* Trial Court Opinion, 1/6/21, at 5 (Appellant "failed to raise a substantial question and therefore his position here is devoid of merit."); Commonwealth Brief at 5 ("There is no substantial question raised by the appellant concerning the discretionary aspects of his sentence and the appellant has failed to raise any issue of merit.").

The trial court specifically stated it "was aware" of and "considered" mitigating factors when it sentenced Appellant. Trial Court Opinion, 1/6/21 at 4. The court explained:

> [Appellant] argues that his sentence is both contrary to a specific code provision, 42 Pa.C.S. § 9721(b), and that it violates fundamental norms. As to the former, the Superior Court has repeatedly held that a defendant does not raise a substantial question by arguing that the sentencing court failed to adequately consider rehabilitative needs or particular mitigating factors. [**Commonwealth v.**] **Pacheco**, 227 A.3d [358,] 375 [(Pa. Super. 2020)]. As to the latter, [Appellant] does not make clear how his sentence violates the fundamental norms of the sentencing process. [Appellant] received a mitigated-range sentence, and yet he continually violated multiple conditions of his probation over a period of several months. He continued to use methamphetamines (among other substances) and made no effort to comply with the terms of his supervision, instead obstinately refusing to conform his behavior to the conditions of his supervision despite efforts by PBPP to persuade him to comply. The [c]ourt's sentence is more severe than the mitigated-range sentence [Appellant] previously received, but it is within the statutory limits. [Appellant] does not contend that the [c]ourt relied on an improper factor, considered some inappropriate fact, demonstrated any bias or prejudice, or acted unlawfully in some other way such that the [c]ourt violated a fundamental norm.

Trial Court Opinion, 1/6/21, at 4-5.

The record supports the trial court. Prior to sentencing, the court reviewed the report from the probation and parole officer and the PSI, in addition to hearing from counsel and Appellant. The court addressed Appellant:

> [L]et me explain to you one of the things when you say you've been no problem on supervision, you denied the conduct that they said [that] you never tested hot or anything, and yet on their request for your detainer, they listed right on here the new criminal charges of the driver required to be licensed, which it shows a conviction for, and that was out of Meadville, Pennsylvania State Police. Also, there were new charges of damage to private property and disorderly conduct that was listed on there. Also their reasons for detainer was leaving the state without permission. Curfew violation. Failed to report. Failure to provide urine. Assaultive behavior. Failure to follow written instructions. They have listed a lot of violations.

N.T., 11/16/20, at 19-20. The court then sentenced Appellant to 36 - 72 months in prison (with credit for 420 days served), noting, *inter alia*, that the sentence was necessary to "vindicate the authority" of the court. *Id.* at 22.

Accordingly, Appellant has not set forth a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Crump, supra* at 1282; *see also Commonwealth v. Cannon*, 954 A.2d 1222, 1228–29 (Pa. Super. 2008) (no substantial question in claim that trial court failed to adequately consider mitigating factors, including defendant's rehabilitative needs, age, and educational background); *Coolbaugh*, 770 A.2d at 792–93

(no substantial question in claim that probation revocation sentence failed to take into consideration defendant's rehabilitative needs and was manifestly excessive where sentence was within statutory guidelines and within sentencing guidelines); ***Commonwealth v. Coss***, 695 A.2d 831, 833–34 (Pa. Super. 1997) (when sentence falls within the statutory recommendation, an appellant's claim that a sentence is manifestly excessive fails to raise a substantial question).  We therefore find no abuse of discretion by the trial court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/8/2021